**United States District Court**
For the Northern District of California

1

2

3                    UNITED STATES DISTRICT COURT

4                    NORTHERN DISTRICT OF CALIFORNIA

5

6

7    THOMAS GRANDE GRAJEDA,

8                 Plaintiff,                    No. C 07-4752 PJH (PR)

9         v.                                    **ORDER DISMISSING**
                                                **COMPLAINT WITH LEAVE**
10   ROBERT A. HOREL, Warden;                   **TO AMEND**
     MICHAEL SAYRE, M.D.; SUE
11   RISENHOOVER, F.N.P.; JOHN
     KRAVITZ, CCII (A); MAUREEN
12   McLEAN, F.N.P.; J. FLOWERS, R.N.,

13               Defendants.
                                       /
14

15        Plaintiff, an inmate at Pelican Bay State Prison, has filed a complaint alleging

16   deliberate indifference to a serious medical need under 42 U.S.C. § 1983 and a

17   supplemental state law claim for medical malpractice.  He has paid the filing fee.

18                              **DISCUSSION**

19   **A.   Standard of Review**

20        Federal courts must engage in a preliminary screening of cases in which prisoners

21   seek redress from a governmental entity or officer or employee of a governmental entity.

22   28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and

23   dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may

24   be granted, or seek monetary relief from a defendant who is immune from such relief.  Id. at

25   1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police*

26   *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

27        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of

28   the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary;

**United States District Court**

For the Northern District of California

1  the statement need only '"give the defendant fair notice of what the . . . . claim is and the

2  grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations

3  omitted).  Although in order to state a claim a complaint "does not need detailed factual

4  allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief'

5  requires more than labels and conclusions, and a formulaic recitation of the elements of a

6  cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief

7  above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65

8  (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief

9  that is plausible on its face." *Id.* at 1986-87.

10       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

11  elements:  (1) that a right secured by the Constitution or laws of the United States was

12  violated, and (2) that the alleged deprivation was committed by a person acting under the

13  color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

14  **B.   Legal Claims**

15       Plaintiff was in a vehicle accident while in custody.  At that time he was housed at

16  Corcoran State Prison.  He suffered injuries to his face and hip.  Metal plates were inserted

17  into his face at a hospital to deal with the facial injuries, but his hip injuries were left to be

18  treated by prison doctors.  His hip injury was not treated, however.  He subsequently was

19  transferred to Pelican Bay State Prison, which is in this district; the claims in the complaint

20  relate only to his care after he arrived at Pelican Bay.

21       At Pelican Bay he says defendants Sayre and Risenhoover told him that they had no

22  medical reports from Corcoran or the hospital regarding the accident and his care.  About

23  two and a half years after he arrived at Pelican Bay, plaintiff gave defendant Flowers and

24  "medical staff" copies of his medical records, since they claimed not to be able to obtain

25  them.  He contends that he nevertheless continues to be denied "proper medical care" and

26  suffers severe chronic pain.  He says Risenhoover told him that the hip was healed and

27  that nothing could be done and that Sayre told him that there was nothing wrong with him.

28

United States District Court

For the Northern District of California

1      Plaintiff does not mention defendants Horel, Kravitz, or McLean in his statement of

2  claim, and so has not stated a claim against them.  The complaint therefore must be

3  dismissed with leave to amend.

4      As noted above, plaintiff's task in his complaint is to allege "enough facts to state a

5  claim for relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1986-87.  That applies

6  not only to the defendants whom he did not mention but also to those he did, Sayre,

7  Risenhoover, and Flowers.

8      As to Flowers, an R.N., he alleges only that he gave Flowers copies of his medical

9  records.  He does not allege what Flowers did which would amount to deliberate

10  indifference to a serious medical need.  As to Sayre, a doctor, he alleges that Sayre told

11  him there were no medical reports from the accident and treatment, something which would

12  not in itself be deliberate indifference to a serious medical need.  He also alleges that Sayre

13  told him that there was nothing wrong with him, despite his severe chronic pain, and

14  alleges that Sayre told him he would not receive treatment because of his "short- corridor

15  SHU" housing assignment, something which does not seem relevant to his medical

16  condition.  This is sufficient to require a response, were it not for the need to amend as to

17  the other defendants.

18      As to Risenhoover, the allegation that she told him they did not have his records is

19  no more sufficient to state a claim against her than it was against Sayre, and the allegation

20  that she told him that his hip was healed and nothing more could be done is insufficient in

21  the absence of an allegation that there was in fact a need for further medical treatment.

22  The claim against Risenhoover will be dismissed with leave to amend.

23                           **CONCLUSION**

24      For the foregoing reasons,

25      1. The complaint is **DISMISSED** with leave to amend, as indicated above, within

26  thirty days from the date of this order.  The amended complaint must include the caption

27  and civil case number used in this order and the words AMENDED COMPLAINT on the

28  first page.  Because an amended complaint completely replaces the original complaint,

1  plaintiff must include in it all the claims he wishes to present, including those against Dr.

2  Sayre recognized above.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He

3  may not incorporate material from the original complaint by reference.  Failure to amend

4  within the designated time will result in the dismissal of these claims.

5          2.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

6  court informed of any change of address by filing a separate paper with the clerk headed

7  "Notice of Change of Address," and must comply with the court's orders in a timely fashion.

8  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

9  Federal Rule of Civil Procedure 41(b).

10         **IT IS SO ORDERED.**

11  Dated:  November 19, 2007.

                                                PHYLLIS J. HAMILTON
12                                              United States District Judge

28  G:\PRO-SE\PJH\CR.07\GRAJEDA4752.DWL.wpd

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1

2

3 **NOTICE -- WARNING**

4 **(SUMMARY JUDGMENT)**

5

6      If defendants move for summary judgment, they are seeking to have your case dismissed. A

7 motion for summary judgment under  Rule 56 of the Federal Rules of Civil Procedure will, if

8 granted, end your case.

9      Rule 56 tells you what you must do in order to oppose a motion for summary judgment.

10 Generally, summary judgment must be granted when there is no genuine issue of material fact--that

11 is, if there is no real dispute about any fact that would affect the result of your case, the party who

12 asked for summary judgment is entitled to judgment as a matter of law, which will end your case.

13 When a party you are suing makes a motion for summary judgment that is properly supported by

14 declarations (or other sworn testimony), you cannot simply rely on what your complaint says.

15 Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or

16 authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the

17 defendant's declarations and documents and show that there is a genuine issue of material fact for

18 trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may

19 be entered against you. If summary judgment is granted, your case will be dismissed and there will

20 be no trial.

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

1

2

3

4

5                                    **NOTICE -- WARNING**

6                                     **(EXHAUSTION)**

7          If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking

8    to have your case dismissed.  If the motion is granted it will end your case.

9          You have the right to present any evidence you may have which tends to show that you did

10   exhaust your administrative remedies.  Such evidence may be in the form of declarations (statements

11   signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a

12   declaration showing where they came from and why they are authentic, or other sworn papers, such

13   as answers to interrogatories or depositions.

14         If defendants file a motion to dismiss and it is granted, your case will be dismissed and there

15   will be no trial.

16

17

18

19

20

21

22

23

24

25

26

27

28