UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THOMAS GRANDE GRAJEDA,

    Plaintiff,

v.

ROBERT A. HOREL, Warden; MICHAEL SAYRE, M.D.; SUE RISENHOOVER, F.N.P.; JOHN KRAVITZ, CCII (A); MAUREEN McLEAN, F.N.P.; J. FLOWERS, R.N.; and LINDA ROWE, M.D.,

    Defendants.

No. C 07-4752 PJH (PR)

**ORDER OF SERVICE**

    This is a civil rights and medical malpractice case brought pro se by a state prisoner. The complaint was dismissed with leave to amend in the initial review order. Plaintiff has amended. The court will now review the amended complaint to identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief, as required by 28 U.S.C. § 1915A(b)(1),(2).

**DISCUSSION**

    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87.

Plaintiff was in a vehicle accident while in custody.  At that time he was housed at Corcoran State Prison.  He suffered injuries to his face and hip.  Metal plates were inserted into his face at a hospital to deal with the facial injuries, but his hip injuries were left to be treated by prison doctors.  His hip injury was not treated, however.  He subsequently was transferred to Pelican Bay State Prison, which is in this district; the claims in the complaint relate only to his care after he arrived at Pelican Bay.

Plaintiff claims that he has suffered from severe and continuing pain in his hips and back for the last five years.  He alleges that defendants Sayre and Risenhoover willfully and maliciously deprived him of his cane and leg brace, despite knowing of his injuries.  He also asserts that Sayre refused to examine him, retaliated against him for filing grievances, and failed to obtain his medical records.  He contends that defendant McLean, although informed of his ongoing medical needs by way of his grievances, failed to provide medical care.  These claims are sufficient to require a response from Sayre, Risenhoover, and McLean.

Plaintiff also alleges that defendant Rowe was deliberately indifferent to a serious medical need by not treating his acknowledged anemia for fourteen months.  This is sufficient to require a response.

Plaintiff also presents state law medical malpractice claims, to some extent echoing the claims set out above, but also including respondeat superior and failure to supervise claims against defendant Horel.  The allegations are sufficient to require a response from Sayre, Risenhoover, McLean, Rowe, and Horel.

Plaintiff does not set out claims specific to defendants Kravitz and Flowers.  They will be dismissed from the case.

///

2

**CONCLUSION**

1. The claims against defendants Kravitz and Flowers are **DISMISSED** with prejudice.

2. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint with attachments and copies of this order on the following defendants: Robert A. Horel, Warden; Michael Sayre, M.D.; Sue Risenhoover, FNP.; Maureen Mclean, FNP; and Linda Rowe, M.D.  Plaintiff states that they can be found at Pelican Bay State Prison.

3. In order to expedite the resolution of this case, the court orders as follows:

    a. No later than sixty days from the date of service, defendants shall file a motion for summary judgment or other dispositive motion.  If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date their summary judgment motion is due.

    b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date the motion was served upon him.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

    *c. If defendants wish to file a reply brief, they shall do so no later than fifteen days after the opposition is served upon them.*

    d. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

///

3

4. All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: February 25, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.07\GRAJEDA4752.srv.wpd

4

## NOTICE -- WARNING
## (SUMMARY JUDGMENT)

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

## NOTICE -- WARNING
## (EXHAUSTION)

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.