1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  ROCHELLE C. EAST
   Acting Senior Assistant Attorney General
4  JONATHAN L. WOLFF
   Supervising Deputy Attorney General
5  DANIELLE F. O'BANNON, State Bar No. 207095
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94102-7004
7    Telephone: (415) 703-5735
     Fax: (415) 703-5843
8    Email: Danielle.OBannon@doj.ca.gov

9  Attorneys for Defendants McLean, Sayre, Horel, Rowe
   and Risenhoover

10

11

12                    IN THE UNITED STATES DISTRICT COURT

13              FOR THE NORTHERN DISTRICT OF CALIFORNIA

14                          SAN FRANCISCO DIVISION

15  **THOMAS GRAJEDA,**                      C 07-4752 PJH

16                            Plaintiff,

17          v.

18  **ROBERT A. HOREL, et al.,**

19                          Defendants.

20

21        **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS;**

22            **MEMORANDUM OF POINTS AND AUTHORITIES**

23

24

25

26

27

28

# TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| MEMORANDUM OF POINTS AND AUTHORITIES | | 2 |
| INTRODUCTION | | 2 |
| ISSUES PRESENTED | | 2 |
| A. | Exhaustion | 2 |
| B. | Failure to State a Claim | 3 |
| | 1. Supervisor Liability | 3 |
| | 2. Deliberate Indifference to Medical Care | 3 |
| | 3. Negligence | 3 |
| C. | Qualified Immunity | 3 |
| D. | Equitable Relief | 4 |
| E. | Punitive Damages | 4 |
| STATEMENT OF THE CASE | | 4 |
| STATEMENT OF FACTS | | 6 |
| A. | Plaintiff's Allegations. | 6 |
| B. | The Inmate Appeals Process. | 9 |
| C. | Plaintiff's Inmate Appeals. | 10 |
| | 1. Inmate Appeal Number PBSP 06-00709 | 10 |
| | 2. Inmate Appeal Number PBSP 06-1027 | 10 |
| | 3. Inmate Appeal Number PBSP 06-01925 | 11 |
| | 4 Inmate Appeal Number PBSP 06-02193 | 11 |
| | 5. Inmate Appeal Number PBSP 06-2546 | 11 |
| ARGUMENT | | 12 |
| I. | THIS ACTION SHOULD BE DISMISSED UNDER THE NON-ENUMERATED PORTION OF RULE 12(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES. | 12 |
| A. | Exhaustion is Mandatory Under the Prison Litigation Reform Act. | 12 |

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.

*T. Grajeda v. R. Horel*, et al.
Case No. C 07-4752 PJH

i

**TABLE OF CONTENTS  (continued)**

| | | Page |
|---|---|---|
| B. | Plaintiff's Suit is Barred Because He Failed to Exhaust His Administrative Remedies Against Defendants Rowe, Horel, McLean, Risenhoover, and Sayre. | 13 |
| | 1.  Confiscation and Discontinuation of Plaintiff's Cane. | 14 |
| | 2.  The Failure to Examine Plaintiff on August 30, 2006. | 14 |
| | 3.  The Failure to Treat Plaintiff's Anemia. | 15 |
| | 4.  The Failure to Obtain Medical Records | 15 |
| | 5.  The Failure to Get Medical Staff to Provide Plaintiff with Adequate Care. | 15 |
| | 6.  Refusal to Answer an Inmate Appeal. | 16 |

II. THIS COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT AGAINST DEFENDANTS HOREL AND MCLEAN FOR FAILURE TO STATE A CLAIM. ........ 17

    A.  The Standard to Dismiss Under Rule 12(b)(6). ........ 17

    B.  Plaintiff Fails to State a Claim Against Defendants Horel and McLean for Respondeat Superior or Vicarious Liability. ........ 17

    C.  Plaintiff Fails to State a Claim for Medical Indifference Because a Mere Difference of Medial Opinion is Insufficient to Establish Deliberate Indifference. ........ 18

        1.  Confiscation and Discontinuation of Plaintiff's Cane and Knee Brace. ........ 19

        2.  Treatment of Anemia. ........ 19

    D.  Plaintiff Fails to Sate a Claim for Negligence and Medical Malpractice. ........ 20

III. DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY. ........ 21

    A.  Defendants Are Entitled to Qualified Immunity Because Plaintiff Fails to Show Defendants' Actions Violated a Constitutional Right. ........ 22

    B.  Defendants Are Entitled to Qualified Immunity Because Plaintiff Fails to Show That a Reasonable Official Would Understand That He Violated Plaintiff's Right. ........ 22

IV. PLAINTIFF'S CLAIMS FOR EQUITABLE RELIEF SHOULD BE DISMISSED BECAUSE AN INDIVIDUAL MAY NOT MAINTAIN A SUIT FOR EQUITABLE RELIEF WHERE THERE IS A PENDING CLASS ACTION SUIT WITH THE SAME SUBJECT MATTER. ........ 23

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.

*T. Grajeda v. R. Horel*, et al.
Case No. C 07-4752 PJH

ii

**TABLE OF CONTENTS  (continued)**

Page

V.  PLAINTIFF CANNOT RECOVER PUNITIVE DAMAGES AGAINST
GOVERNMENT OFFICIALS SUED IN THERE OFFICIAL CAPACITIES.    24

VI.  CONCLUSION    25

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.

*T. Grajeda v. R. Horel*, et al.
Case No. C 07-4752 PJH

iii

# TABLE OF AUTHORITIES

Page

## Cases

*Anderson v. County of Kern*
45 F.3d 1310 (9th Cir. 1995)                                           20

*Anderson v. Creighton*
483 U.S. 635 (1987)                                                   21

*Anthony v. Dowdle*
853 F.2d 741 (9th cir. 1988.)                                         18

*Armstrong v. Schwarzenegger*
Case No. C-94-2307 CW (N.D. Cal.)                                  22-24

*Bell Atlantic Corp. v. Twombly*
127 S. Ct. 1955 (2007)                                               17

*Burns v. Reed*
500 U.S. 478 (1991)                                                  21

*Butler v. Adams*
397 F.3d 1181 (9th Cir. 2003)                                        13

*Coakley v. Murphy*
884 F.2d 1218 (9th Cir. 1989)                                        17

*Crawford v. Bell*
599 F.2d 890 (9th Cir. 1979)                                         23

*Dang v. Cross*
422 F.3d 800 (9th Cir. 2005)                                         24

*Davis v. Kissinger*
2007 WL 127776 (E.D. Cal 2007)                                   13, 15

*Estelle v. Gamble*
429 U.S. 97 (1976)                                             18, 20, 21

*Farmer v. Brennan*
511 U.S. 825 (1994)                                                  18

*Franklin v. Oregon*
662 F.2d 1337 (9th Cir. 1981)                                        20

*Harlow v. Fitzgerald*
457 U.S. 800 (1982)                                                  21

*Jackson v. McIntosh*
90 F.3d 330 (9th Cir. 1996)                                       18-20

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                *T. Grajeda v. R. Horel*, et al.
                                                              Case No. C 07-4752 PJH

iv

# TABLE OF AUTHORITIES  (continued)

Page

**Cases cont.**

Jacobson v. Schwarzenegger
357 F. Supp. 2d 1198 (C.D. Cal. 2004) ............ 23

Leer v. Murphy
844 F.2d 628 (9th Cir.1988) ............ 18

Madrid v. Terhune
Case No. C-90-3094 (N.D. Cal.) ............ 23

McGuckin v. Smith
974 F.2d 1050 (9th Cir. 1992) ............ 20

McKinney v. Carey
311 F.3d 1198 (9th Cir. 2002) ............ 12

Mitchell v. Dupnik
75 F.3d 517 (9th Cir. 1996) ............ 24

Mitchell v. Forsyth
472 U.S. 511 (1985) ............ 21

Monell v. Dep't of Social Services
436 U.S. 658 (1978) ............ 17, 24

Palmer v. Sanderson
9 F.3d 1433 (9th Cir. 1993) ............ 17, 24

Plata v. Schwarzenegger
Case No. C-01-1351 TEH (N.D. Cal.) ............ 23, 24

Porter v. Nussle
534 U.S. 516 (2002) ............ 12, 13

Ritza v. Int'l Longshoremen's & Warehousemen's Union
837 F.2d 365(9th Cir. 1988) ............ 12

Saucier v. Katz
533 U.S. 194 (2001) ............ 21, 22

Taylor v. List
880 F.2d 1040 (9th Cir. 1989) ............ 17

Tillis v. Lamarque
2006 WL 644876, at *4 (N.D. Cal. Mar. 9, 2006) ............ 13

Toguchi v. Chung
391 F.3d 1051 (9th Cir. 2004) ............ 18

Vaden v. Summerhill
449 F.3d 1047 (9th Cir. 2006) ............ 12

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.

T. Grajeda v. R. Horel, et al.
Case No. C 07-4752 PJH

v

**TABLE OF AUTHORITIES** (continued)

Page

**Cases cont.**

*Wood v. Housewright*
900 F.2d 1332 (9th Cir.1990)                                    20

*Woodford v. Ngo*
548 U.S. 81 (2006)                                         9, 10, 12

*Wyatt v. Terhune*
315 F.3d 1108 (9th Cir. 2003)                                  2, 12

**Constitutional Provisions**

United States Constitution
    Eighth Amendment                             2, 3, *passim*
    Fourteenth Amendment                         2, 3, *passim*

**Statutes**

United States Code
    Title 42
        § 1983                             1, 4, *passim*
        § 1997e(a)                         1, 2, *passim*

Americans with Disabilities Act                                  24

California Penal Code
    § 2656                                      3, 5, *passim*
    § 2656(d)                                         2, 5

California Code of Regulations
    Title 15
        § 3084.1(a)                        9, 10, 13
        § 3084.2(a)                           9, 10
        § 3084.5                      10, 13, 22, 23
        §§ 3350(a), 3350(b), 3354, 3358        22, 23

**Court Rules**

Federal Rules of Civil Procedure
    Rule 12(b)                                    1, 2, 5, 12
    Rule 12(b)(6)                                    1, 17

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                *T. Grajeda v. R. Horel*, et al.
                                                      Case No. C 07-4752 PJH

vi

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  ROCHELLE C. EAST
   Acting Senior Assistant Attorney General
4  JONATHAN L. WOLFF
   Supervising Deputy Attorney General
5  DANIELLE F. O'BANNON, State Bar No. 207095
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94102-7004
7    Telephone: (415) 703-5735
     Fax: (415) 703-5843
8    Email: Danielle.OBannon@doj.ca.gov

9  Attorneys for Defendants McLean, Sayre, Horel, Rowe
   and Risenhoover

10

11

12                    IN THE UNITED STATES DISTRICT COURT

                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
13
                          SAN FRANCISCO DIVISION
14

15  **THOMAS GRAJEDA,**                        C 07-4752 PJH

16                            Plaintiff,       **DEFENDANTS' NOTICE OF**
                                               **MOTION AND MOTION TO**
17           v.                                **DISMISS; MEMORANDUM OF**
                                               **POINTS AND AUTHORITIES**
18  **ROBERT A. HOREL, et al.,**

19                           Defendants.

20  TO THOMAS G. GRAJEDA PRO PER:

21         PLEASE TAKE NOTICE THAT Defendants McLean, Sayre, Horel, Rowe, and Risenhoover

22  move this Court to dismiss this 42 US.C. § 1983 action for failure to exhaust administrative remedies

23  under the non-enumerated portion of Rule 12(b) of the Federal Rules of Civil Procedure, as

24  mandated by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).

25         PLEASE TAKE FURTHER NOTICE THAT Defendant Horel moves under Rule 12(b)(6) this

26  court to dismiss this 42 U.S.C. § 1983 action for failure to state a claim under respondeat superior

27  liability. Defendants Sayre and McLean also move to dismiss under Rule 12(b)(6) for failure to state

28  a claim. Defendants McLean, Sayre, Horel, Rowe, and Risenhoover also move under Rule 12(b)(6)

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                    *T. Grajeda v. R. Horel*, et al.
                                                                Case No. C 07-4752 PJH

                                        1

1  to dismiss Plaintiff's claim for equitable relief and on the ground that they are entitled to qualified

2  immunity.

3      PLEASE TAKE FURTHER NOTICE that the Court may look beyond the pleadings and decide

4  disputed issues of fact when ruling on Defendants' non-enumerated Rule 12(b) motion. *Wyatt v.*

5  *Terhune,* 315 F.3d 1108, 1119-20 (9th Cir. 2003). Plaintiff may provide evidence to the Court to

6  dispute that which is presented by the Defendant. *Id.* & at n.14.

7      This motion is based on this notice of motion, the supporting memorandum of points and

8  authorities, the declarations and exhibits filed in support, and the pleadings and records on file with

9  the Court.

10     In the event that the Court denies this motion, in whole or in part, Defendants respectfully

11  request that the Court grant Defendants additional time to file a motion for summary judgment.

12                    **MEMORANDUM OF POINTS AND AUTHORITIES**

13                              **INTRODUCTION**

14     This is a civil-rights lawsuit filed by a state prisoner, Thomas G. Grajeda (Plaintiff). Plaintiff

15  sued Pelican Bay medical staff, the Warden, and prison administrators for deliberate indifference to

16  serious medical needs in violation of the Eighth and Fourteenth Amendments, negligence, medical

17  malpractice and violation of California Penal Code § 2656(d). The case against Defendants McLean,

18  Horel, Risenhoover, Rowe, and specific claims against Sayre should be dismissed because Plaintiff

19  failed to exhaust his administrative remedies as required by the PLRA, because there is no

20  respondeat superior liability under Section 1983, because Plaintiff failed to state a claim regarding

21  indifference to medical care, negligence, and medical malpractice, and because Defendants are

22  entitled to qualified immunity. Moreover, Plaintiff's claims for equitable relief must be dismissed

23  where there is a pending class action suit regarding the same subject matter.

24                              **ISSUES PRESENTED**

25  **A.  Exhaustion**

26     Under the Prison Litigation Reform Act, Plaintiff must exhaust his administrative remedies

27  before filing suit. Although Plaintiff submitted five inmate appeals concerning his medical care and

28  treatment, he failed to submit inmate grievances related to the specific conduct of Defendants Rowe,

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                    *T. Grajeda v. R. Horel*, et al.
Case No. C 07-4752 PJH

2

1  Horel, McLean, Risenhoover, and Sayre as described in Plaintiff's complaint. Must this action be

2  dismissed for Plaintiff's failure to exhaust administrative remedies before filing suit?

3  **B.    Failure to State a Claim**

4      **1.    Supervisor Liability**

5      Defendant Horel is the Warden at Pelican Bay State Prison. Plaintiff has sued Defendant Horel

6  because the medical staff at Pelican Bay allegedly failed to provide Plaintiff with appropriate medical

7  care. Must the federal claims against Defendant Horel be dismissed because there is no respondeat

8  superior liability under Section 1983?

9      **2.    Deliberate Indifference to Medical Care**

10     Plaintiff alleges that treatment for his condition should include a cane and knee brace,

11  Defendant Sayre failed to examine Plaintiff on August 30, 2006, and that he should have been

12  prescribed medication for anemia when he was first diagnosed. Must Defendants Sayre, Rowe,

13  and Risenhoover be dismissed because a mere difference of medial opinion is insufficient to

14  establish deliberate indifference?

15     **3.    Negligence**

16     Plaintiff alleges that Defendants Sayre and Risenhoover acted in violation of his Eighth

17  and Fourteenth Amendment rights in such a manner as to constitute a breach of their duties of

18  negligence, medical malpractice, deliberate indifference, and violation of California Penal Code §

19  2656. Must Defendants Sayre and Risenhoover be dismissed because negligence in diagnosing or

20  treating a medical condition does not constitute a constitutional violation?

21  **C.    Qualified Immunity**

22     Defendants Sayre and Risenhoover recommended a course of treatment for Plaintiff's injuries;

23  Defendant Sayre participated in Plaintiff's inmate grievance interview on August 30, 2006;

24  Defendant Rowe recommended that Plaintiff take vitamins for his anemia; and Defendant McLean

25  denied Plaintiff's inmate appeal. Did the actions of any of the defendants violate a constitutional

26  right and are Defendants entitled to immunity for their clearly proscribed actions.

27  ///

28  ///

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                    *T. Grajeda v. R. Horel*, et al.
                                                                 Case No. C 07-4752 PJH

1    **D.   Equitable Relief**

2       In his Amended Complaint, Plaintiff requests equitable relief. Plaintiff's action for equitable

3   relief from alleged unconstitutional prison conditions cannot be maintained where there is a pending

4   class action suit involving the same subject matter, but instead must be made through the class

5   representative in the class-action suit. There are currently two pending class actions in which

6   Plaintiff is a class member covering the injunctive issues raised in this action. Must Plaintiff's

7   claims for equitable relief be dismissed where there is a pending class action suit regarding the same

8   subject matter?

9    **E.   Punitive Damages**

10      Government officials sued in their official capacities are immune from punitive damages

11   under 42 U.S.C. § 1983. Is Plaintiff suing Defendants in their official capacities? Punitive damages

12   may be awarded against a Defendant in his individual capacity if Defendant acts with either evil

13   motive, intent or reckless or callous indifference. Did Plaintiff allege that Defendants acted with the

14   request intent to justify an award of punitive damages?

15                       **STATEMENT OF THE CASE**

16      On September 14, 2007, Plaintiff filed a civil rights complaint under 42 U.S.C. § 1983 against

17   Pelican Bay medical staff, the Warden, and prison administrators. (Crt. Docket # 1.) On November

18   19, 2007, the Court dismissed the Complaint with leave to amend. (Crt. Docket # 2.)

19      On January 11, 2008, Plaintiff filed his Amended Complaint and named Defendant Horel,

20   Defendant Sayre, Defendant Rowe, Defendant Risenhoover, J. Flowers, and J. Kravits as defendants.

21   (Amend. Compl. at ¶¶ 4-12.) Plaintiff alleges a cause of action for deliberate indifference to a

22   serious medical need in violation of the Eighth Amendment. (*Id.* ¶¶ 55-59.) Plaintiff claims that

23   Defendants Sayre and Risenhoover were deliberately indifferent to his medical needs related to the

24   confiscation and discontinuation of Plaintiff's cane and knee brace; that Defendant Sayre was

25   deliberately indifferent to Plaintiff's medical needs for not physically examining Plaintiff on August

26   30, 2006 and failing to obtain Plaintiff's medical records; and Defendant Rowe was deliberately

27   indifferent to his medical needs by not treating Plaintiff's anemia. (*Id.*)

28      Plaintiff also attempts to allege state causes of action for violation of the Eighth and Fourteenth

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                  *T. Grajeda v. R. Horel*, et al.
Case No. C 07-4752 PJH

4

1   Amendments, negligence, medical malpractice, and violation of California Penal Code § 2656(d).

2   (Amend. Compl. at ¶¶ 62-69.) Plaintiff claims that Defendant Horel acted in violation of his Eighth

3   and Fourteenth Amendment rights for not getting medical staff under his supervision to provide

4   Plaintiff with proper medical care and by allowing medical staff to confiscate and violate Plaintiff's

5   federally protected right to possess his orthopedic appliances under California Penal Code § 2656.

6   (*Id.* ¶ 62.) Plaintiff claims that Defendant McLean acted in violation of his Eighth and Fourteenth

7   Amendment rights by refusing to answer Plaintiff's inmate appeal form and letter, by refusing to

8   provide proper medical care, by denying Plaintiff's inmate appeals forms, and for not getting medical

9   staff under her supervision to provide proper medical treatment for severe chronic pain. (*Id.* ¶ 63.)

10  Plaintiff also claims that Defendants Sayre and Risenhoover acted in violation of his Eighth and

11  Fourteenth Amendment rights in such a manner as to constitute a breach of their duties of

12  negligence, medical malpractice, deliberate indifference and violation of California Penal Code §

13  2656. (*Id.* ¶ 64.)

14      Plaintiff seeks injunctive relief, general damages, special damages, punitive damages, and

15  reasonable attorneys fees. (*Id.* at p. 25.)

16      On February 25, 2008, the Court filed its Order of Service. (Crt. Docket # 5.) The Court found

17  that Plaintiff's claims that Defendants Sayre and Risenhoover willfully and maliciously deprived him

18  of his cane and leg brace and Defendant Sayre's refusal to examine, failure to obtain medical records,

19  failure to provide medical care, and retaliation for filing inmate grievances were sufficient to require

20  a response from Defendants Sayre, Risenhoover, and McLean. (*Id.* at 2.) The Court further found

21  that the allegations that Defendant Rowe was deliberately indifferent to a serious medical need by

22  not treating Plaintiff's acknowledged anemia for fourteen months was sufficient to require a

23  response. (*Id.*) The Court also found that Plaintiff's state law medical malpractice, respondeat

24  superior, and failure to supervise claims were sufficient to require a response from Defendants Sayre,

25  Risenhoover, McLean, Rowe, and Horel. (*Id.*)

26      Defendants now submit this motion to dismiss under the non-enumerated portion of Rule 12(b)

27  for Plaintiff's failure to exhaust administrative remedies before filing suit, for failure to state a claim,

28  and for qualified immunity.

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                    *T. Grajeda v. R. Horel*, et al.
Case No. C 07-4752 PJH

5

## STATEMENT OF FACTS

**A.    Plaintiff's Allegations.**

On February 4, 2003, Plaintiff was involved in a vehicle accident, while in the custody of California Department of Corrections and Rehabilitation prison officials at CSP-Corcoran. (Am. Compl. ¶ 13.) Plaintiff alleges he suffered serious injuries to his face, forehead, right knee, and fractured his right hip. (*Id.*) Plaintiff had surgery for reconstruction of his face and forehead, and was scheduled for hip surgery on February 11, 2003. (*Id.*) However, before Plaintiff's scheduled hip surgery, he alleges that he was transferred from the University Medical Center to the prison hospital. (*Id.*) Although Plaintiff was informed by prison staff that he would receive surgery to his right hip, his hip was not allegedly repaired. (*Id.*)

On November 21, 2003, Plaintiff underwent arthroscopic surgery of his right knee and was given a cane and knee brace. (*Id.* ¶ 41.)

On June 29, 2004, Plaintiff was transferred from CSP-Corcoran to Pelican Bay. (*Id.* ¶ 15.) Plaintiff alleges that upon his arrival at Pelican Bay, he explained his medical condition and that the fourteen hour bus ride aggravated his right hip, and that he needed pain medication. (*Id.*) Plaintiff alleges that the Pelican Bay staff could not give him any medication other than Ibuprofen because he was not sent with his medical file. (*Id.*) Plaintiff further alleges that he was immediately housed in the facility Security Housing Unit (SHU) and was not seen by doctors until a few weeks later. (*Id.*)

Plaintiff was taken to the Pelican Bay specialty clinic for x-rays on July 26, 2004, and was given Ibuprofen for his severe headaches, dizzy spells, blurry vision, pain in his lower back, right hip, and right knee. (*Id.* ¶ 17.) Plaintiff alleges that his pain continued and on September 28, 2004, Dr. Rowe prescribed Neurontin and ordered a medical chrono for two wool caps to keep his head and forehead warm to prevent the cold whether from causing him severe pain. (*Id.* ¶ 19.)

On February 2, 2005, Plaintiff was seen by orthopedic specialist Dr. Duncan and was allegedly told that Plaintiff was suffering because his right hip was never treated and that his injuries were permanent. (*Id.* ¶ 21.) Dr. Duncan recommended epidural steroid injections for his lower back pain and informed him that his right hip could not be repaired. (*Id.*) Plaintiff also alleges that Dr. Duncan

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                    *T. Grajeda v. R. Horel*, et al.
Case No. C 07-4752 PJH

6

1 | had him sign an authorization release form for the records from the University Medical Center

2 | because Plaintiff medical records from CSP-Corcoran still had not allegedly arrived. (*Id.*)

3 | On March 2, 2005, Plaintiff was seen by Dr. Duncan to discuss the x-rays of his back from July

4 | 26, 2004, which revealed some bulging at L2-L3 and L3-L4. (*Id.* ¶ 22.) He was also informed that

5 | there was some degenerative change in his hip. (*Id.*)

6 | Plaintiff further alleges that on March 22, 2005, Plaintiff was seen by Defendant Rowe to

7 | inform him that he was anemic and was informed that he should purchase vitamins from the canteen.

8 | (*Id.*) Plaintiff continued to complain of pain and was informed that there was nothing they could

9 | do until his medical files arrived. (*Id.*)

10 | On August 10, 2005, Plaintiff was again seen by Dr. Duncan who informed him that he sent for

11 | Plaintiff's medical records and was still waiting for them to arrive. (*Id.* ¶ 25.) Plaintiff also alleges

12 | that Dr. Duncan informed him that Plaintiff would always suffer from pain because his right hip was

13 | not properly repaired. (*Id.*)

14 | On December 5, 2005, Plaintiff saw Defendant Rowe who informed him that she was

15 | recommending steroid injections for his lower back and was referring Plaintiff to a neurologist

16 | specialist for his chronic migraines and pain in his hip and shoulder. (*Id.* ¶ 28.) Plaintiff was

17 | transferred to Sutter Coast Hospital for his epidural injections on January 13, 2006, January 31,

18 | 2006, and March 6, 2006. (*Id.* ¶¶ 29, 31, 33.)

19 | On February 2, 2006, Plaintiff was seen by Defendant Risenhoover and was informed that his

20 | blood count was low and that more blood tests were needed. (*Id.* ¶ 32.) Plaintiff alleges that at the

21 | same visit, he tried to explain to Defendant Risenhoover that he still was suffering from pain and was

22 | informed that "if he wanted better medical treatment he had to get out of the 'Gang Corridor'

23 | because he was not going to get anything more than Ibuprofen." (*Id.*) Plaintiff further alleges that

24 | Defendant Risenhoover made these statements again when he saw her on March 22, 2006. (*Id.*)

25 | During that visit Defendant Risenhoover informed Plaintiff that Defendant Sayre had denied the

26 | recommendation to be seen by the Neurologist. (*Id.*)

27 | On May 5, 2006, Plaintiff alleges that he was informed by Defendant Risenhoover that

28 | Defendant Sayre and the Medical Authorization Committee (MAR) decided that Plaintiff did not

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.    *T. Grajeda v. R. Horel*, et al.
Case No. C 07-4752 PJH

7

1  need his cane or knee brace because medical staff reported that they saw him walking without the

2  use of them. (*Id.* ¶ 35.) Plaintiff's cane and knee brace was not returned to him until November 2,

3  2007. (*Id.*)

4      On May 6, 2006, Plaintiff was informed by Defendant Risenhoover that his blood test results

5  came back positive for anemia and that his iron and ferritin were low. (*Id.* ¶ 36.) Plaintiff replied

6  that he knew about his anemia and that Defendant Rowe never gave him treatment nor ordered him

7  any medication for his anemia and that he had been untreated for over eighteen months until

8  Defendant Risenhoover ordered the necessary medication which improved his iron and ferritin count.

9  (*Id.*)

10     Plaintiff alleges that on July 28, 2008, he asked Defendant Risenhoover about his cane and knee

11  brace and about pain medication. (*Id.* ¶ 37.) Plaintiff was told that he could only get Ibuprofen,

12  Tylenol, and Elavil while housed in the SHU. (*Id.*)

13     On August 3, 2006, Plaintiff was seen by Defendant Risenhoover regarding his inmate appeal

14  he submitted requesting medical chronos for the two wool caps ordered by Defendant Rowe. (*Id.*

15  ¶ 38.) Plaintiff alleges that Defendant Risenhoover informed him that Defendant Sayre told her to

16  discontinue the chronos because he did not need them. (*Id.*)

17     Plaintiff was seen by Defendant Sayre on August 30, 2006 regarding the numerous inmate

18  appeals Plaintiff submitted regarding his medical issues. (*Id.* ¶ 39.) Plaintiff alleges that he

19  informed Defendant Sayre that the cold weather exacerbated the pain in his head and that he needed

20  his cane and brace back because he was suffering with a lot of pain by walking without them. (*Id.*)

21  Plaintiff also alleges that Defendant Sayre did not examine him and informed Plaintiff that he was

22  only there because of Plaintiff's inmate appeal requesting medical treatment and nothing else; that

23  he was not going to get his cane and knee brace back; that he did not know anything about the metal

24  plates in Plaintiff's face; and he was not getting the wool caps. (*Id.*) Plaintiff further alleges that

25  Defendant Sayre stated that he was not going to examine Plaintiff until he saw his medical file. (*Id.*)

26     On November 13, 2006, Plaintiff was seen by Defendant Risenhoover allegedly for a follow

27  up appointment for his right hip. (*Id.* ¶ 40.) Defendant Risenhoover told him that his right hip had

28  deteriorated more compared to the previous MRI of May 14, 2003 and the previous x-rays of

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                    *T. Grajeda v. R. Horel*, et al.
                                                                Case No. C 07-4752 PJH

8

1  February 7, 2005. (*Id.*) Plaintiff alleges that Defendant Risenhoover informed him that they still

2  could not locate his medical reports from the University Medical Center and CSP-Corcoran but they

3  were still attempting to locate them and he informed Defendant Risenhoover that he had signed a

4  medical authorization and release form for his medical records and files in February 2005. (*Id.* ¶ 40.)

5      Plaintiff alleges that on December 27, 2006, Plaintiff was seen by Defendant Risenhoover for

6  a follow up review; to inform him that his inmate appeals were denied; and to tell him that his

7  medical records could not be found. (*Id.* ¶ 41.) Plaintiff also alleges that he had obtained his

8  personal medical reports and offered to give them to Defendant Risenhoover so she could make

9  copies. (*Id.*)

10      On July 2, 2007, Plaintiff wrote to Defendant Horel to complain about his medical condition

11  and about the medical staff's alleged misconduct in not providing him with proper medical care and

12  their violation of California Penal Code § 2656 by refusing to return his cane and knee brace. (*Id.*

13  ¶ 43.) Plaintiff alleges that his letter was sent to the Health Manager Defendant McLean and she

14  denied Plaintiff's inmate appeal. (*Id.*)

15      On July 17, 2007, Plaintiff was seen by Defendant Risenhoover for results of his upper

16  gastrointestinal tests and at that time he allegedly informed her that his lower back, right hip and

17  knee continued to cause him pain and that his migraine headaches were unbearable at times and

18  requested a CT scan. (*Id.* ¶ 44.) Plaintiff alleges that Defendant Risenhoover told him that they were

19  there to discuss his gastrointestinal results and if Plaintiff wanted to complain about other medical

20  issues that he should submit a sick-call request form. (*Id.*) Plaintiff further alleges that he once

21  again requested his cane and knee brace be given back to him because the physical therapist

22  specialist, Dr. Dodgen recommended that he have them.

23  **B.    The Inmate Appeals Process.**

24      The State of California provides inmates with an administrative-appeals process, which

25  addresses "any department decision, action, condition or policy which they can demonstrate as

26  having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). To initiate the

27  appeals process, an inmate need only fill out a simple form Inmate/Parolee Appeal Form, CDCR 602

28  [12/87] (Appeal Form). Cal. Code Regs. tit. 15, § 3084.2(a); *Woodford v. Ngo*, 548 U.S. 81, 85

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                     *T. Grajeda v. R. Horel*, et al.
                                                                  Case No. C 07-4752 PJH

1    (2006). In order to exhaust available administrative remedies within this system, a prisoner must

2    complete four levels of appeal: (1) the informal level of review, (2) the first formal level of review,

3    (3) the second formal level of review by the institution head or designee, and (4) the third formal

4    level of review, the Director's Level. *See* Cal. Code Regs. tit. 15, § 3084.2(a); *see also Woodford*,

5    548 U.S. at 85 (describing the California inmate-appeals system). Once a Director's Level decision

6    issues, exhaustion of all available administrative remedies has been completed. *See* Cal. Code Regs.

7    tit. 15, §§ 3084.5, 3084.1(a).

8    **C.   Plaintiff's Inmate Appeals.**

9        Plaintiff submitted five inmate appeals related to the issues outlined in his Amended Complaint

10   from June 2004 to January 11, 2008.

11   **1.   Inmate Appeal Number PBSP 06-00709**

12       Plaintiff submitted inmate appeal number PBSP 06-00709 on March 23, 2006, claiming that

13   his referral to see the neurologist had been denied. (Am. Compl. ¶ 48, Decl. Wilber ¶ 6, Ex. B.)

14   Plaintiff requested to see a neurologist within fifteen days, be referred to the chronic pain

15   management review board, be provided meaningful treatment, and to be paid money damages for

16   medical malpractice and deliberate indifference in the amount of $10,000. (Decl. Wilber ¶ 6, Ex..

17   B.) Plaintiff's appeal was partially granted at the first formal level of review on May 14, 2006, and

18   was partially granted at the second formal level of review on June 29, 2006. (*Id.*) Plaintiff's inmate

19   appeal was denied at the director's level on October 11, 2006. (*Id.*; Decl. Grannis ¶ 8.)

20   **2.   Inmate Appeal Number PBSP 06-1027**

21       Plaintiff submitted inmate appeal number PBSP 06-1072 on May 4, 2006, claiming that

22   Defendant Risenhoover provided him with psychiatric medication for his chronic pain and that its

23   use in the facility was to control behavior. (Am. Compl. ¶ 49, Decl. Wilber ¶ 6, Ex. C.)   Plaintiff

24   requested that he be given meaningful treatment for his chronic pain, that he be given a copy of all

25   medication listed that has been given to him since his arrival, and that he see a doctor not a registered

26   nurse. (Decl. Wilber ¶ 6, Ex. C.) Plaintiff's inmate appeal was partially granted at the first formal

27   level of review on June 26, 2006, and partially granted at the second level review on August 1, 2006.

28   (*Id.*) The director's level review denied Plaintiff's inmate appeal on November 6, 2006. (*Id.*; Decl.

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                                  *T. Grajeda v. R. Horel*, et al.
Case No. C 07-4752 PJH

10

1 Grannis ¶ 9.)

2     **3. Inmate Appeal Number PBSP 06-01925**

3     Plaintiff submitted inmate appeal number PBSP 06-01925 on August 6, 2006, requesting that

4 he receive wool caps. (Am. Compl. ¶ 50, Decl. Wilber ¶ 6, Ex. D.) Plaintiff's appeal was denied

5 at the first formal level on September 27, 2006, and partially granted at the second formal level on

6 October 30, 2006. (*Id.*) The director's level review denied Plaintiff's appeal on January 22, 2007.

7 (*Id.*, Decl. Grannis ¶ 10.)

8     **4. Inmate Appeal Number PBSP 06-02193**

9     Plaintiff submitted inmate appeal number PBSP 06-02193 on August 23, 2006, claiming that

10 when he saw Defendant Risenhoover on August 21, 2006 to obtain the results of his colonoscopy,

11 he informed Defendant Risenhoover that he was still suffering pain in his lower back, hip, and right

12 knee and also had migraines. (Am. Compl. ¶ 51, Decl. Wilber ¶ 6, Ex. D.) He requested that he

13 receive his cane and knee brace back. (Decl. Wilber ¶ 6, Ex. D.) Plaintiff's appeal was partially

14 granted on October 16, 2006, and his appeal was denied at the second formal level on November 29,

15 2006. (*Id.*) The director's level denied the appeal on February 7, 2007. (*Id.*, Decl. Grannis ¶ 11.)

16     **5. Inmate Appeal Number PBSP 06-2546**

17     Plaintiff submitted inmate appeal number PBSP 06-2546 on September 25, 2006,

18 claiming that when he was seen by Defendant Risenhoover on September 22, 2006 to discuss the

19 infection in his intestine and bacteria in his stool, she rolled her eyes in a mocking manner when he

20 attempted to explain his other unrelated medical symptoms which included headaches, dizziness,

21 blurred vision, and chronic pain in his lower back, right hip and right knee. (Am. Compl. ¶ 52, Decl.

22 Wilber ¶ 6, Ex. E.) Plaintiff requested that he be given an explanation in writing why Defendant

23 Sayre was denying medical treatment, that he see a doctor or someone else other than Defendant

24 Risenhoover, and money damages. (Decl. Wilber ¶ 6, Ex. E.) Plaintiff's appeal was partially

25 granted at the informal level on September 26, 2006, denied at the first formal level on November

26 20, 2006, and denied at the second formal level on January 23, 2007. (*Id.*) The director's level

27 review denied Plaintiff's appeal on April 18, 2007. (*Id.*, Decl. Grannis ¶ 12.)

28 ///

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.        *T. Grajeda v. R. Horel*, et al.
Case No. C 07-4752 PJH

11

1                          **ARGUMENT**

2                              **I.**

3 **THIS ACTION SHOULD BE DISMISSED UNDER THE NON-ENUMERATED**
**PORTION OF RULE 12(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE FOR**
4 **FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES.**

5 **A.  Exhaustion is Mandatory Under the Prison Litigation Reform Act.**

6       The Ninth Circuit recognizes a defendant's right to address the issue of exhaustion of

7 administrative remedies in a motion to dismiss under the non-enumerated portion of Rule 12(b) of

8 the Federal Rules of Civil Procedure. *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003);

9 *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368-69 (9th Cir. 1988). In

10 ruling on such a motion, the Court may look beyond the pleadings to decide disputed issues of fact.

11 *Wyatt*, 315 F.3d at 1119-20. If the Court concludes that the inmate has not exhausted nonjudicial

12 remedies, the proper remedy is dismissal of the claim without prejudice. *Id*. at 1120. The Prison

13 Litigation Reform Act of 1995 (PLRA) requires prisoners to exhaust their administrative remedies

14 before filing suit:

15     "No action shall be brought with respect to prison conditions under section 1983 of this title,

16 or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until

17 such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

18       This exhaustion requirement was designed to "reduce the quantity and improve the quality of

19 prisoner litigation suits." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Thus, § 1997e(a) gives

20 correction officials the opportunity to address a prisoner's complaint before the initiation of a federal

21 suit. *Id.* To that end, exhaustion is a prerequisite to "all suits about prison life, whether they involve

22 general circumstances or particular episodes, and whether they allege excessive force or some other

23 wrong." *Id.*; *see also Vaden v. Summerhill*, 449 F.3d 1047 (9th Cir. 2006) (holding that

24 administrative exhaustion must be achieved before inmates may submit any papers to federal courts);

25 *McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002) (holding that exhaustion of remedies is required

26 before a suit is filed).

27     In order to satisfy the requirements of 42 U.S.C. § 1997e(a), an inmate must "properly exhaust"

28 all available administrative remedies. *Woodford*, 548 U.S. at 84. Proper exhaustion of

---

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                                  *T. Grajeda v. R. Horel*, et al.
Case No. C 07-4752 PJH

1    administrative remedies requires using all steps of an administrative process. *Id.* at 89. Proper

2    exhaustion also "demands compliance with an agency's deadlines and other critical procedural rules

3    because no adjudicative system can function effectively without imposing some orderly structure on

4    the course of its proceedings." *Id.* at 90.

5        Because the State of California provides its inmates with a four-step-administrative-appeals

6    process that is not exhausted until a final decision is issued, Plaintiff is not entitled to file an action

7    in court until he has exhausted his inmate appeal by pursuing it through the Director's Level of

8    review. *See* Cal. Code Regs. tit. 15, §§ 3084.5, 3084.1(a).

9    **B.    Plaintiff's Suit is Barred Because He Failed to Exhaust His Administrative Remedies**
     **Against Defendants Rowe, Horel, McLean, Risenhoover, and Sayre.**
10

11        Plaintiff failed to submit an inmate grievance relating to the conduct of Defendants Rowe,

12    Horel, McLean, Risenhoover, and Sayre. The claims against these Defendants should be dismissed.

13    *See Porter*, 534 U.S. at 524–25.

14        Plaintiff submitted five inmate grievances related to his medical care and treatment as they

15    relate to his cane and knee brace, pain in his right hip and knee, and migraine pain. (Decl. Wilber,

16    Ex. A- F.) These inmate appeals were inmate appeal PBSP 06-00709 regarding the denial of his

17    referral to see a neurologist, inmate appeal PBSP 06-1072 regarding Defendant Risenhoover

18    prescribing psychiatric medication for Plaintiff's chronic pain, inmate appeal PBSP 06-01925

19    requesting that he receive wool caps, inmate appeal PBSP 06-02193 regarding obtaining his cane

20    and knee brace back, and inmate appeal PBSP 06-2546 requesting that he be given an explanation

21    in writing why Defendant Sayre was denying medical treatment for Flagyl, and that he see a doctor

22    or someone else other than Defendant Risenhoover. A prison appeal need not name each defendant

23    named in a subsequent federal action as a matter of law." *Tillis v. Lamarque*, 2006 WL 644876, at

24    *4 (N.D. Cal. Mar. 9, 2006) (finding that the inmate appeal form "does not require anyone to be

25    named"); *Butler v. Adams*, 397 F.3d 1181, 1183 (9th Cir. 2003). However, the appeal must set forth

26    allegations that refer to the specific conduct alleged in the complaint. *See Davis v. Kissinger,* 2007

27    WL 127776 (E.D. Cal 2007).

28        Here, except for one of the inmate appeals Plaintiff failed to exhaust an inmate appeal that

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.    *T. Grajeda v. R. Horel*, et al.
Case No. C 07-4752 PJH

13

1 │ relates to the conduct as described in Plaintiff's complaint as to Defendants Rowe, Horel, McLean,

2 │ Risenhoover, and Sayre.  The conduct described in the complaint is as follows:

3 │     **1.**   **Confiscation and Discontinuation of Plaintiff's Cane.**

4 │     Plaintiff alleges that Defendants Sayre and Risenhoover violated his federally protected right

5 │ by confiscating and discontinuing Plaintiff's orthopedic appliances for over eighteen months.

6 │ (Comp. ¶ 55.)  Plaintiff submitted inmate appeal number PBSP 06-02193 on August 23, 2006,

7 │ claiming that when he saw Defendant Risenhoover on August 21, 2006 to obtain the results of his

8 │ colonoscopy, he informed Defendant Risenhoover that he was still suffering pain in his lower back,

9 │ hip, and right knee and also had migraines. (Am. Compl. ¶ 51, Decl. Wilber, Ex. D.)  He requested

10 │ that he receive his cane and knee brace back. (Decl. Wilber, Ex. D.)  Plaintiff's appeal was partially

11 │ granted on October 16, 2006 and his appeal was denied on November 29, 2006. (*Id.*)  The director's

12 │ level denied the appeal on February 7, 2007. (*Id.*, Decl. Grannis ¶ 11, Ex. A.)

13 │     It can be reasonably inferred from the context of this inmate appeal that Plaintiff exhausted the

14 │ issue of the confiscation and discontinuation of Plaintiff's cane as to both Defendants Sayre and

15 │ Risenhoover.

16 │     **2.**   **The Failure to Examine Plaintiff on August 30, 2006.**

17 │     Plaintiff alleges that Defendant Sayre violated his federally protected right by not physically

18 │ examining Plaintiff on August 30, 2006. (Compl. ¶ 56.)  However, Plaintiff never submitted an

19 │ inmate appeal regarding Defendant Sayre's failure to examine him on August 30, 2006.  Plaintiff

20 │ submitted one inmate appeal from August 30, 2006 to January 11, 2008. Plaintiff submitted inmate

21 │ appeal number PBSP 06-2546 on September 25, 2006, claiming that when he was seen by Defendant

22 │ Risenhoover on September 22, 2006 to discuss the infection in his intestine and bacteria in his stool,

23 │ she rolled her eyes in a mocking manner when he attempted to explain his other unrelated medical

24 │ symptoms which included headache, dizziness, blurred vision, and chronic pain in his lower back,

25 │ right hip and right knee. (Am. Compl. ¶ 52, Decl. Wilber, Ex. E.)  Plaintiff requested that he be

26 │ given an explanation in writing why Defendant Sayre was denying medical treatment, that he see a

27 │ doctor or someone else other than Defendant Risenhoover, and money damages. (Decl. Wilber, Ex.

28 │ E.)

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                                         *T. Grajeda v. R. Horel*, et al.
Case No. C 07-4752 PJH

14

1    This inmate appeal does not make reference in any way to Defendant Sayre's alleged failure

2  to examine Plaintiff. Although a Defendant's name does not have to appear on the inmate appeal,

3  the inmate appeal must at least set forth allegations that refer to the specific conduct alleged in the

4  complaint. *See Davis v. Kissinger*, 2007 WL 127776 (E.D. Cal. Jan. 12, 2007). The conduct

5  specifically alleged in Plaintiff's complaint relates to the alleged failure to examine on August 30,

6  2008. Because, plaintiff failed to submit an inmate grievance on this issue, this claim must be

7  dismissed. 42 U.S.C. § 1997e(a).

8    **3.    The Failure to Treat Plaintiff's Anemia.**

9    Plaintiff alleges that Defendant Rowe violated his federally protected right when Defendant

10  Rowe failed to treat Plaintiff for his anemia for over fourteen months. (Compl. ¶ 57.) As discussed

11  above, Plaintiff submitted five inmate grievances from August of 2004 to January 11, 2008 related

12  to the claims in Plaintiff's complaint. (Decl. Wilber ¶ 6, Ex. A-F.) However, none of these inmate

13  grievances relate to or can be reasonably inferred as applying to the failure to treat anemia. Because

14  Plaintiff failed to submit an inmate grievance on the specific conduct alleged in Plaintiff's complaint,

15  this claim must be dismissed. 42 U.S.C § 1997e(a).

16    **4.    The Failure to Obtain Medical Records**

17    Plaintiff alleges that Defendant Sayre violated Plaintiff's federally protected right when he

18  failed to obtain Plaintiff's medical records after Plaintiff signed an authorization release form on

19  February 2, 2005. (Compl. ¶ 58.) As discussed above, Plaintiff submitted five inmate grievances

20  related to the issue alleged in Plaintiff's complaint. (Decl. Wilber ¶ 6, Ex. A-F. ) None of these

21  inmate grievances relate to the failure to obtain medical records. Because Plaintiff failed to submit

22  an inmate grievance on the specific conduct alleged in Plaintiff's complaint, this claim must be

23  dismissed. 42 U.S.C. 1997e(a).

24    **5.    The Failure to Get Medical Staff to Provide Plaintiff with Adequate Care.**

25    Plaintiff alleges that Defendant Horel violated Plaintiff's federally protected right under the

26  Eighth and Fourteenth Amendments by not getting medical staff under his supervision to provide

27  Plaintiff with proper medical care, and by allowing medical staff to confiscate and posses his

28  orthopedic appliances under California Penal Code § 2656. (Compl. ¶ 62.) Plaintiff also alleges that

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                    *T. Grajeda v. R. Horel*, et al.
                                                                 Case No. C 07-4752 PJH

15

1   Defendant McLean violated Plaintiff's federally protected right by refusing to get medical staff under

2   her supervision to provide medical treatment for Plaintiff's severe chronic pain. (*Id.*) Again,

3   Plaintiff submitted five inmate grievances related to the issue alleged in Plaintiff's complaint. (Decl.

4   Wilber ¶ 6, Ex. A-F.) None of these inmate grievances relate to the failure to supervise by either

5   Defendant Horel or Defendant McLean. However, inmate appeal PBSP 06-02193 submitted on

6   August 23, 2006, generally relates to Plaintiff's cane and knee brace. But it cannot be reasonably

7   inferred that Plaintiff was attempting to make a claim against Warden Horel for failure to get medical

8   staff under his supervision to provided proper medical care.

9        Moreover, it cannot be inferred from inmate appeal PBSP 06-1072 that Plaintiff was attempting

10  to make a claim against Defendant McLean for failing to get medical staff under her supervision to

11  provide proper medical treatment for Plaintiff's chronic pain. Inmate appeal PBSP 06-1072

12  submitted on May 4, 2006, refers to Defendant Risenhoover providing Plaintiff with psychiatric

13  medication for his chronic pain. (Am. Compl. ¶ 49, Decl. Wilber, Ex. C.) Because Plaintiff failed

14  to submit an inmate grievance on the specific conduct alleged in Plaintiff's complaint related to the

15  failure to get medical staff under the control of Defendants Horel and McLean to provide medical

16  care, this claim must be dismissed. 42 U.S.C. § 1997e(a).

17       6.   **Refusal to Answer an Inmate Appeal.**

18       Plaintiff alleges that Defendant McLean violated Plaintiff's federally protected right by refusing

19  to answer Plaintiff's inmate appeal form and letter. (Compl. ¶ 63.) Plaintiff further alleges in his

20  complaint that on July 2, 2007, Plaintiff wrote to Defendant Horel to complain about his medical

21  condition and about the medical staff's misconduct in not providing him with proper medical care

22  and their violation of California Penal Code § 2656 by refusing to return his cane and knee brace.

23  (*Id.* ¶ 43.) Plaintiff alleges that his letter was sent to the Health Manager Defendant McLean and she

24  denied Plaintiff's inmate appeal. (*Id.*) It is uncertain by Plaintiff's complaint regarding what inmate

25  appeal, if any, Defendant McLean denied. Inmate appeal PBSP 06-02193 submitted on August 23,

26  2006 related to Plaintiff's request to obtain his cane and knee brace back. However, Plaintiff alleges

27  that he wrote a letter on July 2, 2007 outlining his concerns. Because inmate appeal PBSP 06-02193

28  was submitted eleven months before the alleged letter, it cannot be reasonably inferred that this

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                    *T. Grajeda v. R. Horel*, et al.
Case No. C 07-4752 PJH

16

1  appeal relates to this issue.

2      Additionally, no inmate appeals related to the issues in Plaintiff's complaint were submitted

3  after July 2, 2007. (Decl. Wilber, Ex. A.) Moreover, the claims against Defendant McLean should

4  be dismissed for Plaintiff's failure to exhaust. Defendant McLean participated in the denial of all

5  five of Plaintiff's inmate appeals. (Decl. Wilber, Ex. B-F.) Plaintiff did not exhaust any claims

6  against Defendant McLean for any of the denials of the five appeals. Because Plaintiff failed to

7  submit an inmate grievance on the specific conduct alleged in Plaintiff's complaint related to the

8  denial of an inmate appeal, this claim must be dismissed. 42 U.S.C. § 1997e(a).

9                                          **II.**

10  **THIS COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT AGAINST DEFENDANTS
    HOREL AND MCLEAN FOR FAILURE TO STATE A CLAIM.**
11

12  **A.    The Standard to Dismiss Under Rule 12(b)(6).**

13      A case should be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it fails to state

14  a claim upon which relief can be granted. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969

15  (2007). Where a complaint's defects are not curable, the court should dismiss without leave to

16  amend. *See Coakley v. Murphy*, 884 F.2d 1218, 1222 (9th Cir. 1989) (affirming dismissal without

17  leave to amend where complaint's defects were not curable). Here, Plaintiff failed to allege facts

18  sufficient to support a claim against each Defendant.

19  **B.    Plaintiff Fails to State a Claim Against Defendants Horel and McLean for Respondeat
        Superior or Vicarious Liability.**
20

21      Plaintiff's claims against Defendant Horel, the Warden of Pelican Bay, and Defendant McLean,

22  the Health Care Manage at Pelican Bay, should be dismissed for failure to state a claim. There is

23  no respondeat superior liability under 42 U.S.C. § 1983. *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658,

24  692 (1978); *Palmer v. Sanderson,* 9 F.3d 1433, 1437-38 (9th Cir. 1993). Liability under § 1983

25  arises only upon a showing of personal participation or direction by the defendant. *Taylor v. List*,

26  880 F.2d 1040, 1045 (9th Cir. 1989).

27      Plaintiff fails to state any claim against Defendants Horel and McLean because Plaintiff alleges

28  that (1) Defendant Horel violated Plaintiff's federally protected right under the Eighth and

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                    *T. Grajeda v. R. Horel*, et al.
                                                                    Case No. C 07-4752 PJH

1    Fourteenth Amendment by not getting medical staff under his supervision to provide Plaintiff with

2    proper medical care and by allowing medical staff to confiscate and violate Plaintiff's federally

3    protected right to posses his orthopedic appliances, and (2) that Defendant McLean violated

4    Plaintiff's federally protected right by refusing to get medical staff under her supervision to provide

5    proper medical treatment for sever chronic pain. (Compl. ¶¶ 62-63.) Moreover, courts have held

6    that no more than negligence stated where a warden and other work supervisors failed to provide

7    prompt and sufficient medical care. *See Anthony v. Dowdle*, 853 F.2d 741, 743 (9th cir. 1988.)

8        However, Plaintiff's conclusory allegations do not establish an individual causal connection

9    between any alleged constitutional infringement and any affirmative action or omission to act by

10    Defendants Horel and McLean. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir.1988). The mere

11    fact that Defendants Horel and McLean are prison officials is not sufficient proof that they deprived

12    Plaintiff of his constitutional rights. *Id.* Plaintiff makes no allegations against Defendant Horel and

13    McLean other than that they failed to get staff to provide Plaintiff with the appropriate care. (*Id.*)

14    Defendants McLean and Horel did not participate in Plaintiff's medical care or treatment.

15    Therefore, Defendants cannot be held vicariously liable for Plaintiff's § 1983 claims.

16    **C.    Plaintiff Fails to State a Claim for Medical Indifference Because a Mere Difference of
        Medial Opinion is Insufficient to Establish Deliberate Indifference.**

17

18        Plaintiff's claims against Defendants Sayre, Risenhoover, and Rowe should be dismissed for

19    failure to state a claim. A mere difference of medical opinion is insufficient to establish deliberate

20    indifference. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Toguchi v. Chung*, 391 F.3d

21    1051, 1058 (9th Cir. 2004). Where a defendant has based his actions on a medical judgment that

22    either of two alternative courses of treatment would be medically acceptable under the

23    circumstances, a plaintiff has failed to show deliberate indifference as a matter of law. *Jackson*, 90

24    F.3d at 332; *see also Estelle v. Gamble*, 429 U.S. 97, 107-07 (1976). To prevail under these

25    principles, a plaintiff must show that the course of treatment the doctors chose was medically

26    unacceptable under the circumstances. *Jackson*, 90 F.3d at 332. Plaintiff must also show that they

27    the defendant chose this course in conscious disregard of an excessive risk to plaintiff's health.

28    *Jackson*, 90 F.3d at 322; *Farmer v. Brennan*, 511 U.S. 825 (1994). Here, Plaintiff failed to allege

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.    *T. Grajeda v. R. Horel*, et al.
Case No. C 07-4752 PJH

18

1    facts sufficient to support an Eighth and Fourteenth Amendment claim against each Defendant.

2    **1.   Confiscation and Discontinuation of Plaintiff's Cane and Knee Brace.**

3    Plaintiff's main complaint is that the treatment plan for Plaintiff's right hip and knee injuries

4 as proscribed by Defendant Sayre, Defendant Risenhoover, and the Medical Authorization

5 Committee from July of 2006 to November 2007, was not the appropriate course of treatment of his

6 injuries. (Compl. ¶¶ 37, 46, 47, 55.)  Throughout Plaintiff's complaint he claims that due to the

7 nature of his injuries he should be given a cane and knee brace. (*Id.*)  Plaintiff's complaints are

8 focused on what course of treatment is more beneficial. However, under to the applicable case law,

9 a difference in opinion is insufficient to show deliberate indifference. *See Jackson*, 90 F.3d at 332.

10 Because Plaintiff's complaints relate to which treatment plan is best, his claims are not sufficient to

11 show deliberate indifference and as a result he fails to state a claim for this issue. Defendants Sayre

12 and Risenhoover request that this claim be dismissed.

13    **2.   Treatment of Anemia.**

14    Plaintiff alleges that Defendant Rowe violated his federally protected right by not treating

15 Plaintiff for his anemia. (Compl. ¶ 58.)   Again, Plaintiff's complaints are related to the course of

16 treatments: (1) vitamins, or (2) prescribed medication.  Plaintiff alleges that on March 22, 2005,

17 Plaintiff was seen by Defendant Rowe who told him to purchase vitamins from the canteen. (Compl.

18 ¶ 22.)

19    Thirteen months later, on May 6, 2006, Plaintiff was informed by Defendant Risenhoover that

20 his blood test results came back positive for anemia and that his iron and ferritin were low. (*Id.* ¶

21 36.)  Plaintiff replied that he knew about his anemia and that Defendant Rowe never gave him

22 treatment nor ordered him any medication for his anemia and that he had been untreated for over

23 eighteen months. (*Id.*)  However, Plaintiff was given a treatment plan for his anemia by Defendant

24 Rowe to purchase and take vitamins. (*Id.* ¶ 58.)  Plaintiff simply failed to follow the treatment plan

25 as prescribed by Defendant Rowe.  Because Plaintiff preferred Defendant Risenhoover's course of

26 treatment, he is now asserting that Defendant Rowe was deliberately indifferent to his medical needs

27 because she did not provide the same type of treatment as Defendant Risenhoover.  Where a

28 defendant has based his actions on a medical judgment that either of two alternative courses of

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.

*T. Grajeda v. R. Horel*, et al.
Case No. C 07-4752 PJH

1   treatment would be medically acceptable under the circumstances, a plaintiff has failed to show

2   deliberate indifference as a matter of law. *Jackson*, 90 F.3d at 332; *see also Estelle v. Gamble*, 429

3   U.S. 97, 107-07 (1976). Plaintiff has not shown and cannot show that Defendant Rowe's course of

4   treatment fourteen months earlier was medically unacceptable. Therefore, Plaintiff's fails to state

5   a claim against Defendant Rowe on this issue. Defendant Rowe requests that this claim be

6   dismissed.

7   **D.    Plaintiff Fails to Sate a Claim for Negligence and Medical Malpractice.**

8       A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment

9   unless the mistreatment rises to the level of "deliberate indifference to serious medical needs."

10  *Estelle*, 429 U.S. at 106. A claim of mere negligence related to medical problems is not enough to

11  violate the Eighth Amendment. *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

12  Plaintiff's claims against Defendant Sayre and Risenhoover should be dismissed for failure to state

13  a claim. "[A] complaint that a physician has been negligent in diagnosing or treating a medical

14  condition does not state a valid claim of medical mistreatment under the Eighth Amendment.

15  Medical malpractice does not become a constitutional violation merely because the victim is a

16  prisoner." *Id.; see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995); *McGuckin

17  v. Smith*, 974 F.2d 1050, 1050 (9th Cir. 1992). Even gross negligence is insufficient to establish

18  deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334

19  (9th Cir.1990).

20      Plaintiff alleges that Defendants Sayre and Risenhoover violated Plaintiff's federally

21  protected and constitutional right and that their actions constituted a breach of their duties

22  of negligence, medical malpractice, deliberate indifference and violation of California Penal

23  Code § 2656. (Compl. ¶ 64.) Moreover, Plaintiff alleges that Defendants have denied Plaintiff's

24  Eighth Amendment right to cruel and unusual punishment. (*Id.* ¶ 65.) However, Plaintiff's

25  complaint only claims that Defendants Sayre and Risenhoover discontinued Plaintiff's knee brace

26  and cane, which Plaintiff's feels he should have been able to retain. (*Id.* at 35, 37, 39-40.) These

27  allegations alone are not sufficient to support a medical indifference, negligence, or malpractice

28  claim against the Defendants because mere negligence in the diagnosis and treatment is not

1   sufficient. *See Estelle*, 429 U.S. at 106. Moreover, once it was confirmed that Plaintiff's hip, knee

2   and back conditions warranted the use of a cane and knee brace, they were returned. (*See* Compl.

3   ¶ 47.) Therefore, Plaintiff's claims should be dismissed.

### III.

### DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.

6       The defense of qualified immunity protects "government officials . . . from liability for civil

7   damages insofar as their conduct does not violate clearly established statutory or constitutional rights

8   of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

9   The rule of qualified immunity "provides ample protection to all but the plainly incompetent or those

10  who knowingly violate the law." *Burns v. Reed*, 500 U.S. 478, 495 (1991) (citation omitted).

11      In *Saucier v. Katz*, 533 U.S. 194 (2001), the Supreme Court set forth a particular sequence of

12  questions to be considered in determining whether qualified immunity exists. The Court must

13  consider this threshold question: "Taken in the light most favorable to the party asserting the injury,

14  do the facts alleged show the officer's conduct violated a constitutional right?" *Id.* at 201. This

15  qualified immunity analysis is distinct from the inquiry on the merits of the constitutional violation.

16  *Id; see also Mitchell v. Forsyth*, 472 U.S. 511, 527-28 (1985) ("A claim of immunity is conceptually

17  distinct from the merits of the Plaintiff's claim that his rights have been violated."). If no

18  constitutional right was violated under the alleged facts, the inquiry ends and defendants prevail.

19  *Saucier*, 533 U.S. at 204.

20      If, however, "a violation could be made out on a favorable view of the parties' submissions, the

21  next, sequential step is to ask whether the right was clearly established. . . . 'The contours of the right

22  must be sufficiently clear that a reasonable official would understand that what he is doing violates

23  that right.' . . . The relevant, dispositive inquiry in determining whether a right is clearly established

24  is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he

25  confronted." *Id.* at 201-02 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

26  ///

27  ///

28  ///

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                    *T. Grajeda v. R. Horel*, et al.
                                                                Case No. C 07-4752 PJH

21

**A.    Defendants Are Entitled to Qualified Immunity Because Plaintiff Fails to Show Defendants' Actions Violated a Constitutional Right.**

The first step under *Saucier* is to determine whether, taken in the light most favorable to the party asserting the inquiry, the facts alleged show that the officer's conduct violated a constitutional right. *Saucier,* 533 U.S. at 201. Even if Plaintiff's allegations are taken as true, as discussed above, there is no constitutional violation.

**B.    Defendants Are Entitled to Qualified Immunity Because Plaintiff Fails to Show That a Reasonable Official Would Understand That He Violated Plaintiff's Right.**

Assuming arguendo that a violation occurred under the first step of *Saucier,* the next inquiry is whether it would be clear to a reasonable officer that his conduct violated Plaintiff's rights.

In regard to Defendant Horel, the Court we would need to determine wheather a reasonable warden who was accused of failing to supervise staff under his control who discontinued a medical appliance was violating Plaintiff's right. Here, it would not have been clear that Plaintiff right was violated because the warden can defer to his medical staff and rely on their recommendation regarding a treatment plan.

In regard to Defendants Sayre and Risenhoover, the question would be whether the chief medical officer and a nurse practitioner who recommends a treatment plan that does not include a cane and knee brace, wools caps, and who fails to make a physical examination during the investigation of an inmate appeal, knew they violated Plaintiff's rights by undertaking his treatment. Here, it would not have been clear to Defendant Sayre that his examination and recommendation to discontinue Plaintiff's cane and knee brace violated Plaintiff's right because his conduct was clearly authorized by regulations and the *Armstrong v. Schwarzenegger* Remedial Plan. *See* Cal. Code Regs. tit. 15, §§ 3350(a), 3350(b), 3354, 3358.  Moreover, Defendant Sayre could not have known that he was violating Plaintiff's right when he did not physically examine Plaintiff during the course of the investigation of Plaintiff's inmate appeal because Plaintiff was not entitled to a physical examination as part of the inmate appeal process. *See* Cal. Code Regs. tit. 15, §§ 3084.5, 3350(a), 3354.

Likewise, Defendant Rowe could not have known that she violated Plaintiff's right when she

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                    *T. Grajeda v. R. Horel,* et al.
Case No. C 07-4752 PJH

22

1    recommended that Plaintiff take vitamins for his anemia rather than prescribing another form of

2    medication. Because Defendant Rowe was authorized to prescribe a course of treatment for

3    Plaintiff's condition, she is also entitled to qualified immunity. *See* Cal. Code Regs. tit. 15, §§

4    3350(a), 3354.

5         Lastly, Defendant McLean could not have known that a violation of Plaintiff's right occurred

6    as a result of denying Plaintiff's inmate appeal. Defendant McLean was authorized to review and

7    respond to Plaintiff's inmate appeal. Because Defendant McLean was authorized to either deny or

8    grant the inmate appeal, she could not have known that Plaintiff's right was violated by doing so.

9    *See* Cal. Code Regs. tit. 15, §§ 3084.5, 3350(a), 3354.

10        Because Defendants were relying upon departmental policy and the regulations when they

11   engaged in the above conduct, it cannot be said that Defendants knowingly violated the law.

12   Therefore, Defendants are entitled to qualified immunity.

13                                       **IV.**

14   **PLAINTIFF'S CLAIMS FOR EQUITABLE RELIEF SHOULD BE DISMISSED BECAUSE
     AN INDIVIDUAL MAY NOT MAINTAIN A SUIT FOR EQUITABLE RELIEF WHERE**

15   **THERE IS A PENDING CLASS ACTION SUIT WITH THE SAME SUBJECT MATTER.**

16        In Plaintiff's Amended Complaint, he requests injunctive relief in the form of proper medical

17   diagnostic testing and proper treatment. (Compl. at 25.)

18        Plaintiff is a class member of at least two pending inmate class actions: *Plata v.

19   Schwarzenegger*, Case No. C-01-1351 TEH (N.D. Cal.)[1]/ concerning medical care and *Armstrong

20   v. Schwarzenegger*, Case No. C-94-2307 CW (N.D. Cal.) concerning compliance with the Americans

21   with Disabilities Act. Plaintiff's action for equitable relief from alleged unconstitutional prison

22   conditions cannot be maintained where there is a pending class action suit involving the same subject

23   matter, but instead must be made through the class representative in the class-action suit. *See

24   Jacobson v. Schwarzenegger*, 357 F. Supp. 2d 1198, 1209 (C.D. Cal. 2004); *see also Crawford v.

25   Bell*, 599 F.2d 890, 892-93 (9th Cir. 1979).

26   _____

27        1. Pelican Bay medical care monitoring and remedial action was initially under the *Madrid
     v. Terhune,* Case No. C-90-3094 (N.D. Cal.) class action. As of May 23, 2008, Pelican Bay medical

28   care monitoring and remedial action will be performed under *Plata v. Schwarzenegger*.

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                    *T. Grajeda v. R. Horel*, et al.
                                                                  Case No. C 07-4752 PJH

1    The *Plata* class-action is a suit in the remedial phase under the supervision of the court.

2    The *Armstrong* class-action is a suit also in the remedial phase with monitoring of CDCR's

3    compliance with the ADA. Plaintiff must make his equitable claim through the *Plata* or *Armstrong*

4    class representative and may not maintain an individual injunctive action. Therefore, dismissal of

5    the injunctive claims is proper and Plaintiff's claims for injunctive relief must be dismissed.

6    **V.**

7    **PLAINTIFF CANNOT RECOVER PUNITIVE DAMAGES AGAINST GOVERNMENT OFFICIALS SUED IN THERE OFFICIAL CAPACITIES.**

8

9    Government officials sued in their official capacities are immune from punitive damages

10    under 42 U.S.C. § 1983. *Mitchell v. Dupnik*, 75 F.3d 517, 527 (9th Cir. 1996). Plaintiff sued

11    Defendant Horel in both his official and individual capacity. (Compl. ¶ 5.) In regards to the other

12    Defendants, Plaintiff only sued them in their official capacities. (*Id.* ¶ 6-9.) Thus, Plaintiff is not

13    entitled to punitive damages against any of the Defendants in their official capacity.

14    However, a jury may award punitive damages against a Defendant in his individual capacity

15    when the Defendant's conduct is driven by evil motive or intent or when his actions involve a

16    reckless or callous indifference to the constitutional rights of others. *Dang v. Cross*, 422 F.3d 800,

17    807 (9th Cir. 2005). Plaintiff alleges that Defendant Horel acted despicably, knowingly and wilfully

18    with reckless or callous disregard to Plaintiff's federally protected right under the Eighth and

19    Fourteenth Amendment by not getting medical staff under his supervision to provide Plaintiff with

20    proper medical care and by allowing medical staff to confiscate and violate Plaintiff's federally

21    protected right to posses his orthopedic appliances. (Compl. ¶ 62.) However, Plaintiff cannot show

22    that Defendant Horel violated a constitutional right because Plaintiff's claims against Defendant

23    Horel are based upon respondeat superior liability. As discussed above, there is no respondeat

24    superior liability under 42 U.S.C. § 1983. *Monell v. Dep't of Social Services*, 436 U.S. 658, 692

25    (1978); *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Circ. 1993). Therefore, Plaintiff is not

26    entitled to punitive damages.

27    ///

28    ///

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.        *T. Grajeda v. R. Horel*, et al.
Case No. C 07-4752 PJH

24

1

**VI.**

2

**CONCLUSION**

3      Plaintiff failed to exhaust his administrative remedies as required by the PLRA, Plaintiff failed

4   to state a claim against Defendants and Defendants are entitled to qualified immunity.  Moreover,

5   Plaintiff's request for equitable relief should be dismissed because there are currently class actions

6   addressing Plaintiff's injunctive concerns.   Therefore, Defendants respectfully request that this

7   motion to dismiss be granted.

8

9      Dated:  July 28, 2008

10

11                          Respectfully submitted,

12                          EDMUND G. BROWN JR.
                            Attorney General of the State of California

13                          DAVID S. CHANEY
                            Chief Assistant Attorney General

14                          ROCHELLE C. EAST
                            Acting Senior Assistant Attorney General

15                          JONATHAN L. WOLFF
                            Supervising Deputy Attorney General

16

17                          By:  /s/ Danielle F. O'Bannon

18                          DANIELLE F. O'BANNON
                            Deputy Attorney General

19                          Attorneys for Defendants
                            McLean, Sayre, Horel, Rowe, and Risenhoover

20

21

22   20129666.wpd
     SF2008401032

23

24

25

26

27

28

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                    *T. Grajeda v. R. Horel*, et al.
                                                                 Case No. C 07-4752 PJH

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:     **T. Grajeda v. R. Horel, et al.**

Case No.:      **C 07-4752 PJH**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the
California State Bar, at which member's direction this service is made. I am 18 years of age or
older and not a party to this matter. I am familiar with the business practice at the Office of the
Attorney General for collection and processing of correspondence for mailing with the United
States Postal Service. In accordance with that practice, correspondence placed in the internal
mail collection system at the Office of the Attorney General is deposited with the United States
Postal Service that same day in the ordinary course of business.

On <u>August 1, 2008</u>, I served the attached

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM
OF POINTS AND AUTHORITIES**

**DECLARATION OF N. GRANNIS IN SUPPORT OF DEFENDANTS' MOTION TO
DISMISS**

**DECLARATION OF C. WILBER IN SUPPORT OF DEFENDANTS' MOTION TO
DISMISS**

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid,
in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate
Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Thomas Grande Grajeda
V-22200
Pelican Bay State Prison
P. O. Box 7500
Crescent City, CA 95531
Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true
and correct and that this declaration was executed on **August 1, 2008**, at San Francisco,
California.

|  |  |
|---|---|
| M. Xiang | _mil dy_ |
| Declarant | Signature |