# EXHIBIT B

C-FILE

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date: OCT 1 1 2006

In re: Grajeda, V-22200
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

IAB Case No.: 0601130        Local Log No.: PBSP 06-00709

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Floto. All submitted documentation and supporting arguments of the parties have been considered.

I  APPELLANT'S ARGUMENT: It is the appellant's position that he suffers a great deal of pain and the institution is not meeting his medical needs. The appellant alleges that he sustained nerve damage due to an auto accident. He claims that pain management medication was arbitrarily discontinued without substitution. The appellant requests treatment by a neurologist, review for chronic pain, meaningful treatment and $10,000.00 in compensation.

II  SECOND LEVEL'S ARGUMENT: The reviewer found that treatment of the appellant's condition is being appropriately provided. The appellant was provided Magnetic Resonance Imaging (MRI) and x-ray examination. Based upon the MRI Elavil/amitriptyline was prescribed on May 1, 2005, but the medical records reflect that he has been refusing it. He was also provided Physical Therapy. Prior to that he was being provided acetaminophen and ibuprofen for pain management. His condition does not warrant that he be provided a cane. He stated that was not taking psychiatric medications, so the prescription was discontinued. He was prescribed a new medication, Myoflex, for 30 days and Ferrous sulfate and Mylanta to be taken with food. A non-metallic right knee sleeve was provided. A referral for a colonoscopy for chronic iron deficiency anemia was made. Referrals to a neurologist or to the pain management clinic are not medically indicated at this time. He was advised to avoid strenuous exercises with his back and right knee and to increase stretches and warm-ups prior to exercising.

III  DIRECTOR'S LEVEL DECISION: Appeal is denied.

A. FINDINGS: In this particular matter, the medical records and professional staff familiar with the appellant's medical history refute the appellant's contention that he has not received adequate medical care. Medical staff conducted a review of the appellant's medical file. The appellant has been examined and treated. The appellant cannot dictate how medical treatment will be administered. He was instructed to utilize the established institutional sick call process if his discomfort persisted. The institution shall only provide medical services for inmates, which are based upon medical necessity and supported by outcome data as effective medical care. Current CDCR policy is to use evidence-based medical judgment for all decisions. All therapies, treatments and interventions will be judged acceptable by those criteria. This is the current standard and emerging clinical guideline in progressive medicine. The Primary Care Providers (PCP) is entrusted with the responsibility to ensure that all clinical recommendations adhere to this standard. Medicine is constantly evolving and the PCP selects the most appropriate treatment for the inmates under their care. The appellant is advised that each practitioner determines, at the time of treatment, the extent of treatment for the health care problem. The appellant has not presented a compelling argument to warrant modification of the decision reached by the institution. Compensation as requested is not within the scope of the appeals process.

B. BASIS FOR THE DECISION:
California Code of Regulations, Title 15, Section: 3350, 3350.1, 3350.2, 3354

C. ORDER: No changes or modifications are required by the institution.

GRAJEDA, V-22200
CASE NO. 0601130
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

*[signature]*
N. GRANNIS, Chief
Inmate Appeals Branch

cc: Warden, PBSP
    Health Care Manager, PBSP
    Appeals Coordinator, PBSP
    Medical Appeals Analyst, PBSP

## SECOND LEVEL APPEAL RESPONSE

RE: PELICAN BAY STATE PRISON
   Appeal Log _D-06-00709_____
   Inmate: _Grajeda, V-22200_____

This matter was reviewed by MAUREEN MCLEAN, FNP, Health Care Manager at Pelican Bay State Prison (PBSP). A. Thacker, CHSA II, conducted the Appeal at the Second Level of Review on June 26, 2006.

**APPEAL ISSUE:** You submitted this appeal at the informal level on March 23, 2006. You wrote you were referred to a neurologist when L. Rowe, M.D. saw you December 5, 2005, and January 20, 2006 (You wrote January 19). You wrote that there is evidence you have nerve damage as a result of an auto accident that occurred February 4, 2003. On March 23, 2006, S. Risenhoover, F.N.P, informed you the neurology referral was denied "months ago". You claim you have been suffering chronic pain daily, that has been untreated since December 5, 2005, when your pain medication was arbitrarily discontinued without being replaced by a meaningful substitute. You are accusing Pelican Bay State Prison (PBSP) health care staff of deliberate indifference and medical malpractice, pointing out that you should have been seen by a specialist months ago and provided proper treatment for pain management. Your requests are as follows: (1) To see a neurologist within 15 days, (2) be referred to the chronic pain management review board, (3) be provided with meaningful treatment for chronic pain, and (4) receive monetary damages in the amount of $10,000.00 for pain and suffering. Your appeal with the attachments and your requested action received careful consideration. S. Risenhoover, F.N.P., was assigned to review your appeal. On December 5, 2006, L. Rowe, M.D. referred you for Epidural Steroidal Injections (ESI), not a neurology consultation. The ESI series was completed March 3, 2006. You had a medical appointment with S. Emami, M.D. on April 13, 2006. In his progress notes, he wrote: " (Mr. Grajeda) said that the epidural injections did not help", and "I explained I would bring it up to the committee again and see if they would reconsider". Doctor Emami wrote that he began to inquire about your symptoms and you appeared very agitated, you refused to explain your symptoms, and you started using profanities--upon which time you removed from the exam room by the officers present in the room. FNP Risenhoover interviewed you regarding this appeal on May 1, 2006, and again on May 5, 2006. At the interview on May 1, 2006, you said you would like to wait on the 602 until the med committee meets and makes a decision about the denial of the neurology consult. You then stood and left the clinic before the interview was complete. The interview on May 5, 2006, was to inform you of the decisions reached by the Medical Authorization Review (MAR) committee, but once again, your interview was not completed because you chose to walk out of the clinic. Just before walking out, you stated: "If you want the cane, you will have to come and take it from me. I am done". The Medical Authorization Review (MAR) Committee reviewed your pain medication issues on May 1, 2006. After reviewing a Magnetic Resonance Image (MRI) of your back, and x-ray studies, the committee recommended Elavil should be prescribed for your pain, and determined you do not require a cane or a knee sleeve, therefore, chronos were written to discontinue these items. You were observed you walking without a cane or a knee brace on May 3, 2006, and on May 5, 2006; with good gait and without favoring your left or right side. Medical staff documented this observation. Prior to March 1, 2005, you had been receiving acetaminophen 325 mg, and ibuprofen 200 mg for your pain. Elavil/amitriptyline HCL 50 mg was prescribed for your pain on May 1, 2005, but Medical Administration Records (MAR) show you had been refusing it; and on May 5, 2006, you stated to FNP Risenhoover: "I am not taking any psych med.", so the prescription for Elavil was discontinued that day. Your medical condition has not been ignored. A referral to a neurologist or to pain management clinic is not medically indicated at this time. Requests for monetary compensation are outside the scope of the appeals process. You are

hereby advised that Title 15 3084.4 (d) (p.49) states: "An appellant's refusal to be interviewed or cooperate with the review shall result in cancellation of the appeal". A thorough review of your requests presented in this complaint was completed. An appeal is not denied if any of the appeal requests are granted, or, as in this case, offered. Based on this review, the action requested to resolve this appeal was **partially granted** because you were offered a different treatment for your pain (Elavil), even though you refused it. You were not satisfied with this response and moved your appeal to the second level of review on 5/30/06 stating that the evidence to support all your claims is located in your medical file and it appears to you that the PCP is too inept to locate and read your medical file history. Furthermore, you state that RN Risenhoover has falsely accused you of failing to cooperate and has filed false medical reports in that you do have poor gait favoring your right side. You claim that the treatment for pain providing "Elavil" caused severe adverse side effects as you informed staff, so you stopped taking it and it was not a refusal of treatment.

**FINDINGS:** A review of your appeal has been completed. Your appeal with the attachments and your requested action has received careful consideration. I, M. McLean, FNP, Health Care Manager, was assigned to investigate your allegations. A. Thacker, CHSA II, reviewed your medical file and responses on June 26, 2006. You were seen by FNP Risenhoover on 6/6/06 during an examination to discuss the lab results that were completed on 5/5/06 as a result of your stating that "I have been anemic for a long time". During the examination you stated that "my back has been bothering me and I still have the knee brace in my cell because it is mine and it is in my cell because my knee still stings and tingles and the lateral aspect of my knee still bothers me and will pop and bother me after I got the information from Pharmacy about Elavil and the side effects, so I am not taking psychotic meds here or on the streets, because I took it twice when you gave it to me and I took it in the daytime and it knocked me out, so there is no way I am going to stay in a dazed state of mind, no way in prison. I will not refuse treatment, but I just don't want psychotic meds and this 602 appeal is about me wanting an alternative to Elavil". You stated that it was documented that you were twisted up in the car on 2/2/03 and you had a fractured right hip that was never operated on. You claim that they measured it and your right leg is smaller than your left and your knee continues to bother you. You state that they sent you to Physical Therapy in Corcoran and that helped strengthen it, so you would like to be sent to Physical Therapy. FNP Risenhoover reviewed the reports of consultants Duncan and Maukonen as well as the MRI that was taken on 5/6/05 and x-rays from 8/10/05 and Physical Therapy notes from 9/20/05. She ordered a new medication, Myoflex, to be applied for pain, for 30 days. She also ordered Ferrous sulfate and Mylanta to be taken with food. You were referred to Physical Therapy and referred to EGD/colonoscopy for chronic iron deficiency anemia. Due to the medical condition in your right knee, she ordered a non-metallic right knee sleeve to be exchanged for the knee brace that you have in your cell and you agreed. You were scheduled for a follow-up in the clinic in 30 days to review your progress on the new medication. You were advised to avoid strenuous exercises with your back and right knee and to increase stretches and warm-ups prior to exercising. You have an alternative to the Elavil medication and you are being provided with meaningful treatment for your pain. The request for monetary compensation is beyond the scope of the appeals process. You are being provided with adequate and appropriate medical care for your condition.

**DECISION::** The Appeal is Partially Granted. The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

_____ 6/26/06          _____ 6/29/06
Acel K. Thacker          Date          M. McLean, FNP          Date
Correctional Health Services Administrator II          Health Care Manager

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region: **PBSP**   Log No: D16-00709   Category: 8/19 CHRONIC NEUROLOGICAL PA...

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| GRAJEDA, T | V-22200 | SHU | D-1-104 |

**A. Describe Problem:** I WAS SEEN BY DR. L. ROW IN DEC 5TH 2005 AND IN JAN 19TH 2006 AND WAS REFERRED TO SEE THE NEUROLOGIST FOR CHRONIC NEUROLOGICAL PAIN IE HEADACHES, BACK. THERE IS EVIDENCE THAT I HAVE NERVE DAMAGE AS A RESULT OF THE CAR ACCIDENT OF FEB 4TH 2003. I WAS INFORMED BY RN RISENHOOVER TODAY (3-23-06) THAT THE APPOINTMENT WITH THE NEUROLOGIST WAS DENIED MONTHS AGO. THE CHRONIC PAIN HAS BEEN UNTREATED SINCE DEC 5TH 05, WHEN THE MEDICATION I WAS TAKEN WAS ARBITRARILY DISCONTINUED AND NOT REPLACED WITH MEANINGFUL SUBSTITUTE. PBSP HEALTH CARE (SEE ATTACHED SHEET.)

If you need more space, attach one additional sheet.

**B. Action Requested:** #1 SEE THE NEUROLOGIST WITHIN 15 DAYS #2 BE REFERRED TO THE CHRONIC PAIN MANAGEMENT REVIEW BOARD #3 BE PROVIDED MEANINGFUL TREATMENT FOR CHRONIC PAIN #4 BE PAID MONEY DAMAGES FOR MEDICAL MALPRACTICE AND DELIBERATE INDIFFERENCE IN THE AMOUNT OF $10,000

Inmate/Parolee Signature: _Tomas Grajeda_   Date Submitted: 3-23-06

**C. INFORMAL LEVEL** (Date Received: 3/27/06)

Staff Response: You have a follow-up scheduled to discuss completion of physical therapy, medications and labs. If you need medical attention please fill out a 7362 Request to be seen by medical. I have no request from you for medical attention. J Lomprie RN

Staff Signature: _____   Date Returned to Inmate: 3/27/06

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

THIS APPEAL NEEDS TO BE GRANTED IN FULL. THE INFORMAL RESPONSE TO APPEAL FAILS TO ADDRESS THE CARE ISSUE AND IGNORES THE FACT I HAVE REQUESTED MEDICAL ATTENTION SEVERAL TIMES VIA (PBSP 7362) ONLY TO BE DENIED/DELAYED TIMELY AND MEANINGFUL TREATMENT. (SEE ATTACHED SHEETS)

Signature: _Tomas Grajeda_   Date Submitted: 3-30-06

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim.

CDC Appeal Number: _____

1ST/HCM   2ND/HCM   JUN 01 2008

First Level: ☐ Granted   ☒ P. Granted   ☐ Denied   ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 4-4-06   Due Date: 5-16-06

Interviewed by: S. Risenhoover, F.N.P.

See attached typed response.

Staff Signature: _Risenhoover_   Title: FNP   Date Completed: 5/11/06
Division Head Approved Signature: _M C Sayre_   Title: CMO   Returned: ____
Date to Inmate: 5/11/06

F. If dissatisfied, explain reasons for requesting a Second Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

THE EVIDENCE TO SUPPORT ALL MY CLAIMS ARE LOCATED IN MEDICAL FILE. IT APPEARS PCP IS TO INAPT TO LOCATE/READ MEDICAL FILE HISTORY. FURTHER MORE RN RISENHOOVER HAS FALSELY ACCUSED ME OF FAILING TO COOPERATE AND HAS FILED FALSE MEDICAL REPORTS IN THAT I DO HAVE

Signature: _Tomas Tejeda_   Date Submitted: 5-30-06

Second Level: ☐ Granted   ☒ P. Granted   ☐ Denied   ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 6/1/06   Due Date: 6/29/06

☒ See Attached Letter

Signature: _A. Thacker_   A. THACKER CHSA II   Date Completed: 6/26/06
Warden/Superintendent Signature: _M M_____   Date Returned to Inmate: 7-5-06

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature: _____   Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other
☐ See Attached Letter

Date: ____

CDC 602 (12/87)

**FIRST LEVEL SUPPLEMENTAL PAGE**
First Level Reviewers Response

RE:    PELICAN BAY STATE PRISON

Appeal Log #: PBSP-D-06-00709
Inmate Name: Grajeda / V22200

**APPEAL DECISION**: PARTIALLY GRANTED

**APPEAL ISSUE**: You submitted this appeal at the informal level on March 23, 2006. You wrote you were referred to a neurologist when L. Rowe, M.D. saw you December 5, 2005, and January 20, 2006 (You wrote January 19). You wrote that there is evidence you have nerve damage as a result of an auto accident that occurred February 4, 2003. On March 23, 2006, S. Risenhoover, F.N.P, informed you the neurology referral was denied "months ago". You claim you have been suffering chronic pain daily, that has been untreated since December 5, 20005, when your pain medication was arbitrarily discontinued without being replaced by a meaningful substitute. You are accusing Pelican Bay State Prison (PBSP) health care staff of deliberate indifference and medical malpractice, pointing out that you should have been seen a specialist months ago and provided proper treatment for pain management. Your requests are as follows: (1) To see a neurologist within 15 days, (2) be referred to the chronic pain management review board, (3) be provided with meaningful treatment for chronic pain, and (4) receive monetary damages in the amount of $10,000.00 for pain and suffering.

**FINDINGS**: Your appeal with the attachments and your requested action has received careful consideration. I, S. Risenhoover, F.N.P., was assigned to review your appeal.

On December 5, 2006, L. Rowe, M.D. referred you for Epidural Steroidal Injections (ESI), not a neurology consultation. The ESI series was completed March 3, 2006.

You had a medical appointment with S. Emami, M.D. on April 13, 2006. In his progress notes, he wrote: "he said that the epidural injections did not help", "I explained I would bring it up to the committee again and see if they would reconsider". He wrote that he then began to inquire about your symptoms, you appeared very agitated, you refused to explain your symptoms, and you started using profanities-upon which time you removed from the exam room by the officers present in the room.

I interviewed you regarding this appeal on May 1, 2006, and again on May 5, 2006. At the interview on May 1, 2006, you said you would like to wait on the 602 until the med committee meets and makes a decision about the denial of the neurology consult. You then stood and left the clinic before the interview was complete. The interview on May 5, 2006, was to inform you of the decisions reached by the Medical Authorization Review (MAR) committee, but once again, your interview was not completed because you chose to walk out of the clinic. Just before walking out, you stated: "If you want the cane, you will have to come and take it from me. I am done".

The Medical Authorization Review (MAR) Committee reviewed your pain medication issues on May 1, 2006. After reviewing a Magnetic Resonance Image (MRI) of your back, and x-ray studies, the committee recommended Elavil should be prescribed for your pain, and determined you do not require a cane or a knee sleeve, therefore, chronos were written to discontinue these items. You were observed you walking without a cane or a knee brace on May 3, 2006, and on May 5, 2006; with good gait and without favoring your left or right side. Medical staff documented this observation.

Prior to March 1, 2005, you had been receiving acetaminophen 325 mg, and ibuprofen 200 mg for your pain. Elavil/amitriptyline HCL 50 mg was prescribed for your pain on May 1, 2005, but Medical Administration Records (MAR) show you had been refusing it; and on May 5, 2006, you stated to me: "I am not taking any psych med.", so the prescription for Elavil was discontinued that day.

Your medical condition has not been ignored. A referral to a neurologist or to pain management clinic is not medically indicated at this time. Requests for monetary compensation are outside the scope of the appeals process. You are hereby advised that Title 15 3084.4 (d) (p.49) states: "An appellant's refusal to be interviewed or cooperate with the review shall result in cancellation of the appeal".

**DETERMINATION OF ISSUE:** A thorough review of your requests presented in this complaint has been completed. An appeal is not denied if any of the appeal requests are granted, or, as in this case, offered. Based on this review, the action requested to resolve this appeal is **partially granted** because you were offered a different treatment for your pain (Elavil), even though you refused it.

S. Risenhoover, F.N.P.     5/11/06
Primary Care Provider      Date

M. Sayre, M.D.             5/12/06
Chief Medical Officer      Date

(A - DESCRIBE PROBLEM)
CONTINUED.
PROVIDERS ARE GUILTY OF DELIBERATE INDIFFERENCE AND MEDICAL MALPRACTICE. I SHOULD OF BEEN SEEN BY A SPECIALIST MONTHS AGO AND BEEN PROVIDED PROPER TREATMENT FOR PAIN MANAGEMENT. I'VE BEEN SUFFERING DAILY PAIN.


B - ACTION REQUESTED
CONTINUED
AND FOR PAIN AND SUFFERING

(F) CONTINUES

POOR GAIT FAVORING RIGHT SIDE. THE TREATMENT FOR PAIN PROVIDE "ELAVIL" CAUSED SEVER ADVERCE SIDE EFFECTS AS I INFORMED STAFF. SO I STOPPED TAKING IT IT WAS <u>NOT</u> A REFUSAL OF TREATMENT