# EXHIBIT C

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

C-FILE

## DIRECTOR'S LEVEL APPEAL DECISION

Date: NOV 0 6 2006

In re: Grajeda, V-22200
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

IAB Case No.: 0602580          Local Log No.: PBSP 06-01027

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner C. Hall, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I   APPELLANT'S ARGUMENT: It is the appellant's position he was seen by Registered Nurse (RN) Risenhoover for chronic illness caused mainly by Pelican Bay State Prison (PBSP) health care staff's failure to provide meaningful treatment. The appellant claims he was prescribed a psychiatric medication, Elavil for chronic pain management. The appellant states this medication is not used in mainstream society to treat pain and contends that CDCR uses this medication to control behavior. The appellant states he is not refusing treatment but will not allow or accept inferior pain medication management. The appellant is requesting meaningful treatment for chronic pain consistent with mainstream medicine; to be provided a copy of all medications listed he has received since his arrival to PBSP; and that he sees a doctor not a RN.

II  SECOND LEVEL'S DECISION: It is the institution's position the appellant was advised that Elavil like many medications has many uses; treating chronic pain is one of them. The appellant was interviewed on June 6, 2006, by Family Nurse Practitioner (FNP) Risenhoover, who examined the appellant's knee and reviewed his radiographs. Myoflex cream was prescribed as was the Elavil. The appellant was advised to avoid strenuous activity and was prescribed a nonmetallic right knee sleeve. However, he was encouraged to do strengthening and stretching exercises. The appellant was advised he could obtain any document from his Unit Health Record; however, a GA Form 22, Request for Interview must be submitted to Health Records so an appointment could be scheduled. The appellant was provided the definition of a FNP; and, informed he was not treated with deliberate indifference as he alleged. The appellant's treatment plan was just not what he demanded.

III DIRECTOR'S LEVEL DECISION: Appeal is denied.

A. FINDINGS: The appellant has requested a myriad of policy clarifications and changes, treatments and consultations. He is advised per the California Code of Regulations, Title 15, Section (CCR) that it is inappropriate for any inmate to demand a particular health care provider and course of treatment and expect it to be implemented; this practice is the responsibility of the appellant's primary care physician and will be provided as necessary. In 2003, all institutions were mandated to follow the medication management policy as described in the Inmate Medical Services Program (IMSP). The appellant may review all policies of the IMSP as copies are located in the institution's library, including those that describe accepted health care providers. The appellant has received competent intervention by a FNP, an approved physician "extender" as defined in the IMSP. On October 10, 2006, the reviewer was informed by C. Worch, Medical Appeals Analyst the appellant was issued a nonmetallic knee sleeve on September 6, 2006. After review, there is no compelling evidence that warrants intervention at the Director's Level of Review.

A nurse practitioner is an RN who has completed advanced education and training in the diagnosis and management of common medical conditions, including chronic illnesses. Nurse practitioners provide a broad range of health care services. They provide some of the same care provided by physicians and maintain close working relationships with physicians. An NP can serve as a patient's regular health care provider. Nurse practitioners see patients of all ages. The core philosophy of the field is individualized care. Nurse practitioners focus on patients' conditions as well as the effects of illness on the lives of the

GRAJEDA, V-22200
CASE NO. 0602580
PAGE 2

patients and their families. Nurse practitioners make prevention, wellness, and patient education priorities. This can mean fewer prescriptions and less expensive treatments. Informing patients about their health care and encouraging them to participate in decisions are central to the care provided by NPs. In addition to health care services, NPs conduct research and are often active in patient advocacy activities.

**B. BASIS FOR THE DECISION:**
CCR: 3001, 3062, 3350, 3354, 3393

**C. ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

*[signature]*

N. GRANNIS, Chief
Inmate Appeals Branch

cc:   Warden, PBSP
      Health Care Manager, PBSP
      Appeals Coordinator, PBSP
      Medical Appeals Analyst, PBSP

SECOND LEVEL APPEAL RESPONSE

**C-FILE**

RE: PELICAN BAY STATE PRISON
Appeal Log _A-06-01027_
Inmate: _Grajeda, # V-22200_

This matter was reviewed by MAUREEN MCLEAN, FNP, Health Care Manager at Pelican Bay State Prison (PBSP). A. Thacker, CHSA II, conducted the Appeal at the Second Level of Review on August 1, 2006.

**APPEAL ISSUE:** The following is a summarization of your appeal. (Please refer to the original CDC 602 Appeal Form for complete details.) You do not believe that Elavil is prescribed in mainstream medicine for pain. You state you were neither informed, nor consulted, regarding being prescribed Elavil for your pain. You said the Elavil has not been effective, and causes you dizziness and blurred vision. You said you are not refusing treatment, but you want a medication that does not cause these side affects. You are requesting (1) To be given meaningful treatment for chronic pain, consistent with mainstream medicine, (2) That you be given a copy of all the medication listed that has been given to you since your arrival here at Pelican Bay State Prison, and (3) That a doctor see you, not a registered nurse. A review of your appeal was completed. Your appeal, the attachment, and your requested actions received careful consideration. S. Risenhoover, FNP, was assigned to review your appeal. Your interview was conducted June 6, 2006, at which time she examined your knee and reviewed your x-rays and orthopedic consults available to her in the Madrid Patient Information Management System (MPIMS). M. Sayre, M.D., Chief Medical Officer, had prescribed Elavil for you on May 1, 2006, after reviewing your request for pain medication. FNP Risenhoover discussed the use Elavil for chronic pain with you, and you said you don't want any psychotic medication. She prescribed Myoflex cream 1% for your pain. You have been approved to go to physical therapy for strengthening exercises for your right knee, and she requested a chrono for you to have a non-metallic right knee sleeve to use for 180 days. You were advised to avoid strenuous exercise with your back and right knee, and to increase your stretches and warm-ups. A copy of a list of all the medications you have been prescribed since arrival at Pelican Bay State Prison can be requested from Medical Records. As stated in the informal response to this appeal, an FNP is not an RN, FNP Risenhoover has been board-certified and found qualified and competent to treat conditions such as you present. The Chief Medical Officer (CMO) assigns Primary Care Providers (PCP) to the medical clinics, and you will see the one that is assigned to your clinic. A thorough review of your requests presented in this complaint was completed. Based on this review, the actions requested to resolve the appeal were partially granted. You were not satisfied with this response and moved your appeal to the second level of review on 7/4/06 stating that the claim that this appeal has been granted is manipulative and factually wrong. You state that you have been given no treatment for the chronic headaches and pain on your hip and right knee as well as for your lower back. You state that the medications that you have received for these conditions are ineffective and the attached documents clearly provide evidence that PBSP medical staff has failed to provide meaningful treatment for the last year. You state that the prescribed Myoflex Cream only addresses the pain on your right knee and it is important to note that this treatment is also ineffective and has provided no relief. Furthermore, you state that FNP Risenhoover conducted the inmate appeal interview on 6/6/06 and claims that you are receiving physical therapy, but as of 7/4/06, you have not nor have you been provided a knee sleeve. The delay in treatment is deliberate indifference. You state that this appeal was not granted in full and you demand that it is.

**FINDINGS:** A review of your appeal has been completed. Your appeal with the attachments and your requested action has received careful consideration. I, M. McLean, FNP, Health Care

Manager, was assigned to investigate your allegations. A. Thacker, CHSA II, reviewed your medical file and responses on August 1, 2006. If you will look closely at your appeal responses at the First Level, there are three (3) places where the Appeal Determination is stated. In two of the three places, the Appeal Determination was noted as Partially Granted. The Inmate Medical Appeals Tracking Program Office Technician has indicated that she mistakenly noted the Appeal Determination as Granted when it was actually Partially Granted. The MTA in charge of Medical Appliances has been contacted and will make sure you have received the non-metallic knee sleeve described in your chrono. When you were seen on 6/6/06, FNP Risenhoover referred you to Physical Therapy for "strengthening exercises of the right knee"; a Utilization Management (UM) form was completed and sent to the Medical Authorization Review (MAR) committee where it was approved. You have been placed on a list of patients to receive Physical Therapy and, when contacted, the Specialty Clinic indicated that you would be scheduled soon. You were seen in the clinic on 7/19/06 during a follow-up examination and FNP Risenhoover again noted your referral to Physical Therapy and the right knee sleeve chrono. You will be scheduled for a follow-up appointment to evaluate your progress following your Physical Therapy treatment. You are receiving adequate and appropriate treatment for your medical condition by a qualified and competent PCP.

**DECISION:** The Appeal is Partially Granted.

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

_____ 8/1/06              _____ 8/1/06
Acel K. Thacker               Date             M. McLean, FNP              Date
Correctional Health Services Administrator II  Health Care Manager

FIRST LEVEL SUPPLEMENTAL PAGE
First Level Reviewers Response

C-FILE

RE: PELICAN BAY STATE PRISON
Appeal Log #: PBSP-A-06-01027
Inmate Name: GRAJEDA / V22200

APPEAL DECISION: GRANTED

APPEAL ISSUE: The following is a summarization of your appeal. (Please refer to the original CDC 602 Appeal Form for details.) You do not believe that Elavil is prescribed in mainstream medicine for pain. You state you were neither informed, nor consulted, regarding prescribing Elavil for your pain. You said the Elavil has not been effective, and causes you dizziness and blurred vision. You said you are not refusing treatment, but you want a medication that does not cause these side affects. You are requesting (1) To be given meaningful treatment for chronic pain, consistent with mainstream medicine, (2) That you be given a copy of all the medication listed that has been given to you since your arrival here at Pelican Bay State Prison, and (3) That a doctor see you, not a registered nurse.

FINDINGS: Your appeal, the attachment, and your requested actions have received careful consideration. I, S. Risenhoover, FNP, was assigned to review your appeal. Your interview was conducted June 6, 2006, at which time I examined your knee and reviewed your x-rays and orthopedic consults available to me in the Madrid Patient Information Management System (MPIMS). M. Sayre, M.D. had prescribed Elavil for you on May 1, 2006, after reviewing your request for pain medication. I discussed the use Elavil for chronic pain with you, and you said you don't want any psychotic medication. I prescribed Myoflex cream 1% for your pain. You have been approved to go to physical therapy for strengthening exercises for your right knee, and I requested a chrono for you to have a non-metallic right knee sleeve to use for 180 days. You were advised to avoid strenuous exercise with your back and right knee, and to increase your stretches and warm-ups. A copy of a list of all the medications you have been prescribed since arrival at Pelican Bay State Prison can be requested from Medical Records. As stated in the informal response to this appeal, an FNP is not an RN, I have been board-certified and found qualified and competent to treat conditions such as you present. The Chief Medical Officer (CMO) assigns Primary Care Providers to the medical clinics, and you will see the one that is assigned to your clinic.

DETERMINATION OF ISSUE: A thorough review of your requests presented in this complaint has been completed. Based on this review, the actions requested to resolve the appeal are partially granted.

_____  6/26/06
S. Risenhoover, F.N.P.       Date
Primary Care Provider

_____  6/26/06
M. Sayre, M.D.              Date
Chief Medical Officer

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region: PBSP   Log No. A06-01027   Category: 8-10 disagrees w/type of pain medica...

1. _____ 2. _____
1. _____ 2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME: GRAJEDA, T   NUMBER: V-22200   ASSIGNMENT: S.H.U   UNIT/ROOM NUMBER: D-1-104

A. Describe Problem: ON 5-2-06, I SEEN RN RISENHOOVER FOR CHRONIC ILLNESS NAMELY PBSP's MEDICAL STAFF FAILURE TO PROVIDE MEANINGFUL TREATMENT. SHE PRESCRIBED ME A PSYCHIATRIC MEDICATION "ELAVIL" FOR CHRONIC PAIN MANAGEMENT. THIS MEDICATION IS NOT USED IN MAINSTREAM SOCIETY TO TREAT PAIN AND THE OFF LIBAL USE OF IT WITHIN CDCR IS MENT TO CONTROL BEHAVIOR. I AM NOT REFUSING TREATMENT, BUT WILL NOT ALLOW OR ACCEPT INFERIOR PAIN MEDICATION MANAGEMENT TREATMENT. MEDICAL STAFF HAVE CONTINUOUSLY PUSHED PSYCHIATRIC MEDICATION ON ME AND (SEE ATTACHED SHEET)

If you need more space, attach one additional sheet.

B. Action Requested: #1 BE GIVEN MEANINGFUL TREATMENT FOR CHRONIC PAIN CONSISTANT WITH MAINSTREAM MEDICINE. #2, THAT I BE GIVEN A COPY OF ALL THE MEDICATION LISTED THAT HAS BEEN GIVEN TO ME SINCE MY ARRIVA HEAR AT PBSP 6-29-04 3# THAT I SEE

Inmate/Parolee Signature: Tomas Grajeda   Date Submitted: 5-4-06

C. INFORMAL LEVEL (Date Received: 05/05/06)

Staff Response: ① LIKE MANY MEDICATIONS, AMITRIPTYLINE HAS MANY USES, CHRONIC PAIN IS ONE OF THEM.

② F.N.P. RISENHOOVER IS A NURSE PRACTIONER. THAT IS A MASTER'S DEGREE WITH GREATLY INCREASE LICENSING & EDUCATION. TKS.

Staff Signature: J. Flowers R.N. (J. FLOWERS, R.N.)   Date Returned to Inmate: 05/05/06

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

DISSATIFIED, APPEAL MUST BE GRANTED IN FULL, SEE PART (A)(B) THE "ELAVIL" MADE ME SEVERLY DIZZY AND CAUSED BLURRED VISION (DRUNKENNESS) THE PAIN I SUFFER FROM WAS NOT RELIEVED AND A PRESON CANNOT LIVE A HEALTHY LIF FEELING THE ADVERSE SIDE-EFFECTS OF "ELAVIL" NO IS THIS MED USED FOR PAIN MANAGEMENT BY DOCTORS IN GENERAL SOCIETY. ITS NOT THE GOLD STANDARD OF CARE.

Signature: Tomas Grajeda   Date Submitted: 5-8-06

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

MAY 11 2006

First Level: ☐ Granted  ☒ P. Granted  ☐ Denied  ☐ Other

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 5-11-06   Due Date: 6-23-06

Interviewed by: S. Risenhoover, FNP

Staff Signature: [signature]   Title: CC-I   Date Completed: 6/26/06
Division Head Approved Signature: McKay   Title: CMO   Returned/Date to Inmate: 6/28/06

F. If dissatisfied, explain reasons for requesting a Second Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

THE CLAIM THAT THIS APPEAL HAS BEEN GRANTED IS MANIPULATIVE AND FACTUALLY WRONG. I HAVE BEEN GIVEN NO TREATMENT FOR THE CHRONIC HEADACHES AND PAIN IN MY HIP AND RIGHT KNEE AS WELL AS FOR MY LOWER BACK. THE MEDICATIONS THAT I HAVE RECEIVED FOR [illegible]

Signature: [signature]   Date Submitted: 7-4-06

Second Level: ☐ Granted  ☒ P. Granted  ☐ Denied  ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 7/5/06   Due Date: 8/2/06

☒ See Attached Letter

Signature: [signature]   A. THACKER, CHSA II   Date Completed: 8/1/06
Warden/Superintendent Signature: [signature] M. McGrew, AFCM   Date Returned to Inmate: 8/10/06

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature: _____   Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other
☐ See Attached Letter
Date: _____

CDC 602 (12/87)

(CONTINUED)

A - DISCRIBE PROBLEM:

PRISONER'S IN GENERAL FOR PAIN. THIS IS NOT PROPER TREATMENT OR ACCEPTABLE. RN RISENHOOVER DID NOT TELL ME THAT SHE WAS PRESCRIBING THIS MEDICATION NOR EXPLAINED TO ME THAT IT WAS FOR PSYCHIC MEDS.

CONTINUED

B - ACTION REQUESTED

A DOCTOR NOT A REGISTERED NURSE.