EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
ROCHELLE C. EAST
Acting Senior Assistant Attorney General
JONATHAN L. WOLFF
Supervising Deputy Attorney General
DANIELLE F. O'BANNON, State Bar No. 207095
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5735
  Fax: (415) 703-5843
  Email: Danielle.OBannon@doj.ca.gov

Attorneys for Defendants McLean, Sayre, Rowe,
Horel, and Risenhoover

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THOMAS GRAJEDA,<br><br>                         Plaintiff,<br><br>  v.<br><br>ROBERT A. HOREL, et al.,<br><br>                        Defendants. | C 07-4752 PJH<br><br>**DECLARATION OF N. GRANNIS IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |

I, N. Grannis, declare as follows:

1.    I am employed by the California Department of Corrections and Rehabilitation (CDCR) as the Chief of the Inmate Appeals Branch. I have been the Chief of Inmate Appeals Branch for five and a half years and have been employed with CDCR for twenty-five years. As the Chief of the Inmate Appeals Branch my responsibilities include overseeing staff who receive, screen, log, route, and assign director level appeals that are submitted by inmates. My duties also include monitoring the dispositions of these inmate appeals. I am competent to testify to the matters set forth in this declaration, and if called upon to do so, would and could so testify. I

1. submit this declaration in support of Defendants' motion to dismiss.

2. I am familiar with sections of Title 15 of the California Code of Regulations that govern an inmate appeal. Section 3084.5 describes the levels of appeal that are available to an inmate. Section 3084.5(e)(2) provides that "[t]hird level review constitutes the director's decision on an appeal, and shall be conducted by a designated representative of the Director under supervision of the chief, inmate appeals."

3. Usually, the director's decision exhausts the administrative remedy available to an inmate within the CDCR. The director's decision usually advises an inmate that the decision constitutes the exhaustion of administrative remedies available to the inmate within the CDCR.

4. The Inmate Appeals Branch keeps an electronic record of each inmate appeal that has proceeded through the final level of review, the Director's Level. When an appeal is received by the Inmate Appeals Branch and is accepted for review, it is given a Director's Level log number and entered into the computer system. The computer system was commenced in 1993. The following information is kept in the electronic record: appeal log number, the category (nature/subject) of the appeal, institutional log numbers, inmate's name and CDCR number, the institution where the appeal arose, the date that the appeal is received and closed, and final disposition of the appeal.

5. Inmate Grajeda (Plaintiff) alleges in this action that Defendants Sayre and Risenhoover were deliberately indifferent to his medical needs related to the confiscation and discontinuation of Plaintiff's cane and knee brace; that Defendant Sayre was deliberately indifferent to his medical needs for not physically examining Plaintiff on August 30, 2006 and failing to obtain Plaintiff's medical records; and Defendant Rowe was deliberately indifferent to Plaintiff's medical needs by not treating Plaintiff's anemia.

6. A search of the computerized system has been conducted for Plaintiff, V-22200, at the request of the Attorney General's Office. A true and correct copy of the Director's Level appeals print-out for Plaintiff is attached as Exhibit A.

7. The record indicates that the Director's Level of Review accepted seven inmate appeals submitted by Plaintiff from July of 2006 to January 11, 2008. During that time period,

Decl. N. Grannis Supp. Defs.' Mot. Dismiss                                    T. Grajeda v. R. Horel, et al.
                                                                              C 07-4752 PJH

2

five of the inmate appeals related to Plaintiff's medical care and medical appliances. These were IAB No. 0601130 (PBSP 06-00709), IAB No. 0602580 (PBSP 06-01027), IAB No. 0606312 (PBSP 06-01925), IAB No. 0607310 (PBSP 06-02193), and IAB No. 0610064 (PBSP 06-02546).

8. IAB No. 0601130 claiming that Plaintiff's referral to see the neurologist had been denied, was accepted at the director's level on July 28, 2006. The director's level denied the inmate appeal on October 11, 2006. This appeal did not grieve that Defendants Sayre and Risenhoover inappropriately confiscated and discontinued Plaintiff's cane and knee brace, that Defendant Sayre failed to examine him on August 30, 2006, or that Defendant Rowe failed to treat his anemia as alleged in his complaint.

9. IAB No. 0602580 claiming that Defendant Risenhoover provided him with psychiatric medication for his chronic pain and that its use in the facility was to control behavior, was accepted at the director's level on August 30, 2006. The director's level denied the inmate appeal on November 6, 2006. This appeal did not grieve that Defendants Sayre and Risenhoover inappropriately confiscated and discontinued Plaintiff's cane and knee brace, that Defendant Sayre failed to examine him on August 30, 2006, or that Defendant Rowe failed to treat his anemia as alleged in his complaint.

10. IAB No. 0606312 requesting that Plaintiff receive wool caps, was accepted at the director's level on November 28, 2006. The director's level denied the inmate appeal on January 22, 2007. This appeal did not grieve that Defendants Sayre and Risenhoover inappropriately confiscated and discontinued Plaintiff's cane and knee brace, that Defendant Sayre failed to examine him on August 30, 2006, or that Defendant Rowe failed to treat his anemia as alleged in his complaint.

11. IAB No. 0607310 claiming that when Plaintiff saw Defendant Risenhoover on August 21, 2006 to obtain the results of his colonoscopy, he was informed Defendant Risenhoover that he was still suffering pain in his lower back, hip, and right knee and also had migraines, was accepted at the director's level on December 21, 2006. The director's level denied the inmate appeal on February 7, 2007. This appeal did not grieve that Defendants Sayre and Risenhoover inappropriately confiscated and discontinued Plaintiff's cane and knee brace, that Defendant

Decl. N. Grannis Supp. Defs.' Mot. Dismiss                                              T. Grajeda v. R. Horel, et al.
                                                                                                                                    C 07-4752 PJH

3

Sayre failed to examine him on August 30, 2006, or that Defendant Rowe failed to treat his anemia as alleged in his complaint.

12. IAB No. 0610064 claiming that when Plaintiff was seen by Defendant Risenhoover on September 22, 2006 to discuss the infection in his intestine and bacteria in his stool, she rolled her eyes in a mocking manner when he attempted to explain his other unrelated medical symptoms which included headache, dizziness, blurred vision, and chronic pain in his lower back, right hip, and right knee, was accepted at the director's level on February 16, 2007. The director's level review denied the inmate appeal on April 18, 2007. This appeal did not grieve that Defendants Sayre and Risenhoover inappropriately confiscated and discontinued Plaintiff's cane and knee brace, that Defendant Sayre failed to examine him on August 30, 2006, or that Defendant Rowe failed to treat his anemia as alleged in his complaint.

13. IAB has been tracking screen outs since 2000. The record indicates that the Director's Level of Review screened out three medical appeals submitted by Plaintiff from July 2006 to January 11, 2008. IAB No. 0601130 (PBSP 06-00709) was received on August 30, 2006 and screened out on October 21, 2006 for failure to an submit an appeal within fifteen working days. IAB No. 0707905 was received on September 17, 2007 and was screened out on October 17, 2007 for missing documentation. IAB No. 5026887 was received on August 30, 2006 and screened out on October 21, 2007 for failure to submit appeal within fifteen working days.

I declare under penalty of perjury that the forgoing is true and correct.

Executed this day ____ of July 2008, at Sacramento, California.

N. GRANNIS
Chief, Inmate Appeals Branch

Decl. N. Grannis Supp. Defs.' Mot. Dismiss     T. Grajeda v. R. Horel, et al.
                                                C 07-4752 PJH