P.O. Box 7500/D1-123

Crescent City, CA 95532

Plaintiff In pro se

FILED

08 AUG 18 PM 2:53

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

The United States District Court

For The Northern District Of California

San Francisco Division

Tomas Grajeda,

    Plaintiff,

      V.

Robert A. Horel, et al.,

    Defendants.

C 07-4752 (PJH)

Notice of Motion and Motion

For Appointment of Counsel

Pursuant to 28 U.S.C § 1915(e)(1)

Please Take Notice : Pursuant to 28 U.S.C. § 1915(e)(1) plaintiff moves for an order appointing counsel to represent him in this case. In support of this motion Plaintiff does hereby state:

   1. That Plaintiff is unable to attain and afford counsel on his own behalf.

   2. That Plaintiff's ability to present his case is greatly limited due to his imprisonment. The issues involved in this case are complex and will require significant research and investigation, and Plaintiff's ability to litigate his case and pursue such investigation is severely

(1)

3. That Plaintiff's ability to present his case is further limited due to his housing location in the security Housing Unit (SHU) and the limitation placed on his access to the law library therein.

4. That this case involves complex medical issues and will require the testimony of expert witnesses.

5. That Plaintiff has a very limited knowledge of the law.

6. That Plaintiff's level of education and reading comprehension makes it extremely difficult for him to understand the law and the papers filed by the court and opposing counsel. Attached hereto is a true and correct copy of Plaintiff's testing records of February 23, 2004, as determined by the California Department of Corrections, which shows a Tabe reading score of 4.0.

7. That Plaintiff has made repeated attempts to obtain counsel to represent him in this case. Attached hereto are true and correct copies of four letters that Plaintiff sent to four separate lawyers seeking representation, and three copies of response letters from three of those lawyers wherein they state they are unable to represent me. In addition, Plaintiff sent out approximately eight other letters to various lawyers wherein he sought representation, which he does not have copies of. Plaintiff received no response to any of those letters.

Wherefore, Plaintiff respectfully requests that the court appoint counsel to represent him in this case.

Dated: AUGUST 10ᵗʰ, 2008

Submitted by: ✗ _Thomas G. Grajeda_

Tomas Grajeda, Plaintiff, In pro-se

Tomas Grajeda
P.O. Box 7500/ D1-123
Crescent City, CA 95532
Plaintiff, In pro-se

The United States District Court
For The Northern District Of California
San Francisco Division

Tomas Grajeda,
    Plaintiff,

    V.

Robert A. Horel, et al.,
    Defendants

C 07-4752 (PJH)
Memorandum of Points And
Authorities In Support Of Plaintiffs
Motion For Appointment of
Counsel.

## Statement of Issue to be Decided

Plaintiff is requesting herein that the court appoint him counsel
to represent him in the instant 42 U.S.C. 1983 complaint,
pursuant to 28 U.S.C. § 1915 (e)(1).

## Statement Of Relevant Facts

The Plaintiff, proceeding pro-se, Filed his initial complaint on
September 3rd, 2007 wherein he alleged deliberate indifference
to his medical needs, a violation under the 8th Amendment

state law claim for medical malpractice. The Plaintiff articulated the facts of the case himself, with almost no understanding of constitutional law or the elements required to state a cognizable claim for relief in a civil rights complaint. He was unable to give the defendants fair notice of what the claims were and the grounds upon which they rested, consequently, the court filed an order on November 19, 2007 Dismissing Plaintiffs complaint with leave to amend.

Plaintiff then sought help from a fellow inmate to help him articulate his claims for his Amended complaint. At first, the other inmate tried to explain to Plaintiff exactly what he needed to do in order to state a claim upon which relief could be granted, but the Plaintiff was unable to understand what he needed to do in order to articulate enough facts to state a cognizable claim for relief. Plaintiffs level of education and reading comprehension makes it impossible for him to understand the complexity of all of the facts in his case or to be able to articulate them in a clear manner. Once the other inmate realized this he asked the Plaintiff to turn over all relevant documents and drafted the complaint himself. After the complaint was drafted, Plaintiff rewrote it and filed his first Amended complaint on December 30, 2007.

On February 25, 2008 the Court dismissed the claims against two of the defendants but ordered all the others to file a Dispositive Motion or Notice Regarding Such Motion.

Plaintiff is now allowed to conduct discovery but is unable to comprehend the complex discovery rules which will prevent him from presenting an effective case and countering the defendants discovery tactics. Additionally, there are no inmates in his area of confinement who are both knowledgable in the law and able to assist him beyond the filing of the instant motion for Appointment of counsel.

<u>Arguement</u>

Although the Supreme Court has not recognized nor has the court of appeals found a constitutional right to counsel for civil litigants, section 1915(e)(1) provides that "the court may request an attorney to represent any person unable to employ counsel". Appointment of counsel is discretionary and although not all circuits agree when counsel should be appointed, several have delineated various factors to aid it's district courts in determining when it is proper to appoint counsel for an indigent litigant in a civil case.

First, the district court should consider the merits of the indigent litigants claims. Maclin V. Freake, 650 F.2d 885, 884. (7th Cir. 1981). Other factors which should be taken into consideration in appointing counsel include chance of success, complexity of factual evidence and legal issues, whether conflicting testimony will be presented, and the capability of the litigant to represent himself. Maclin, 650 F.2d 885, 887-88.

In Rayes V. Johnson, 969 F.2d 700 (8th Cir. 1992) Factors were identified that it's lower courts must take into consideration when faced with a request for court appointed counsel. The

appointment of counsel should be given serious consideration if the plaintiff has not alleged a frivolous or malicious claim and the pleadings state a prima facie case". The court must also ascertain the plaintiffs need for an attorney and his ability to obtain counsel on his own. The plaintiffs need should focus on several factors, including the likelihood that the plaintiff and court will benefit from the assistance of counsel, the factual complexity of the case, the plaintiffs ability to investigate the facts and present his claim, the existance of conflicting testimony and the complexity of the legal issues. Rayes, 969 F. 2nd at 703.

The 9th circuit has chosen to apply a different, more stringent, standard in determining whether court appointed counsel is appropriate. The rule that counsel may be designated under section 1915 (d) only under "exceptional circumstances" derives from Weller v. Dickson, 314 F. 2d 598, 600 (9th cir.) cert. denied, 375 U.S. 845 (1963), which held that "the privilege of pleading in forma pauperis in civil actions for damages should be allowed only in exceptional circumstances". Weller was extended, without comment, to appointment of counsel in United States v. Madden, 352 F. 2d 792, 794 (9th cir. 1965). To decide whether these exceptional circumstances exist, a district court must evaluate both "the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. Wilborn v. Escalderon, 789 F. 2d 1328, 1331. (9th cir. 1986) (quoting Weygandt v. Look, 718 F. 2d 952, 954 (9th cir. 1983).

### (1) The likelihood of success on the merits

Plaintiff was involved in a vehicle accident while in the custody of

= 4. =

the California Department of Corrections at Corcoran State Prison. He suffered serious injuries to his face and hip and underwent multiple surgeries, which included the placement of four metal plates into his facial area to deal with the serious facial injuries he sustained in the accident. He was to then return to the hospital for a scheduled surgery to his hip. However, he was transferred to Pelican Bay State Prison before his hip injury could be treated. The above numbered action does not pertain to the accident itself but to the deliberate indifference to his medical needs, a violation to the 8th Amendment, and medical malpractice, a state law claim, for failure to treat his injuries after his arrival to Pelican Bay State Prison. A much needed surgery was scheduled to repair his injured hip while Plaintiff was still at Corcoran State Prison, a surgery that doctors there stated he needed, which was never carried out due to his transfer to Pelican Bay State Prison. Upon arrival to Pelican Bay State Prison, he informed the Medical staff as to his hip injury, which they have failed to address to this day. As a result, Plaintiff suffers from constant daily pain and walks with a permanent limp. Additionally, he has to be aided with a cane to walk in order to take weight off of both his hip and knee, which was also injured in the accident. At one point, a doctor informed the plaintiff that "if he did what he had to do to get out of the SHU", which is to become an informant, then he would receive the medical treatment he needed, which Plaintiff took as an acknowledgement that medical staff were aware of his need for surgery but were deliberately indifferent to his medical need.

After a series of X-Rays, one doctor informed Plaintiff that
due to the fact that the injury wasn't treated soon after his
arrival to Pelican Bay State Prison, his condition was now permanent,
and that there was little that could be done.

There is little doubt here that with proper representation, the
likelihood of success on the merits is good.

### (2) The Ability of The Plaintiff To Articulate His Claims Pro Se In light of The complexity of The Issues Involved

Plaintiffs lack of education and his level of reading comprehension
will make it impossible for him to articulate his claims. The last
grade he completed was the 5th grade, and his Tabe reading
score as determined by the California Department of Corrections
on February 23, 2004 is 4.0. Plaintiff is unable to even
comprehend the papers filed by the court or by opposing counsel,
which must be explained to him by other inmates, this alone
demonstrates his need for court appointed counsel. Additionally,
plaintiff is unable to comprehend the complex discovery rules or
articulate any motions and declarations necessary to prosecute his
case, as demonstrated by his first motion for Appointment of
counsel, his Motion for time extension to file his first Amended
complaint, and his initial complaint, which was dismissed with
leave to amend.

As to the complexity of the issues involved, this case is about
deliberate indifference to the plaintiffs medical needs and medical

= 6. =

Malpractice. Plaintiff has a difficult time comprehending what he has to prove, and where he does comprehend, that comprehension alone does not translate into articulation and presentation. While the ultimate issue may be comprehensible to the lay person, plaintiff will be unable to articulate and present the proof going towards the ultimate issue and the discovery issues involved. Complicating the case for plaintiff is the conflicting testimony which will be presented and the necessity of expert witnesses.

<u>Conclusion</u>

Plaintiff is indigent and proceeding prose in the above numbered action. He is unable to represent himself in this case because the complexity of the issues involved makes it impossible for him to articulate his claims, or understand the complex discovery rules involved. Plaintiff contends that the likelihood of success on the merits is going, therefore, for all of the above reasons plaintiff requests that his motion for appointment of counsel, pursuant to 28 U.S.C 1915(e)(1), be granted.

Dated: <u>AUGUST 10th 2008</u>        Respectfully submitted,

X <u>Thomas J. Grajeda</u>
<u>Tomas Grajeda In prose</u>

Tomas Grajeda # V22200

P.O. Box 7500/ D1-123

Crescent City, CA 95532

Plaintiff, In pro-se

The United States District Court

For The Northern District of California

San Francisco Division

| | |
|---|---|
| Tomas Grajeda,<br><div align="center">Plaintiff</div><br><br>V.<br><br>Robert A. Horel, et al.,<br><div align="center">Defendants.</div> | C 07-4752 (PJH)<br><br>Plaintiff Tomas Grajeda's Declaration In Support of his Motion For Appointment of Counsel Pursuant To 28 U.S.C. § 1915 (e)(1) |

I, Tomas Grajeda, declare as follows:

1. I am the plaintiff to the above numbered action. I am competent to testify to the matters set forth herein, and if called upon to do so, I would and could so testify. I submit this declaration in support of my Motion For Appointment of Counsel Pursuant To 28 U.S.C. § 1915 (e)(1).

2. I CAN'T AFFORD A LAWYER BECAUSE I HAVE NO MONEY TO HIRE ONE, AND I CAN'T GET A JOB OR PAY NUMBER WITHIN THE PRISON BECAUSE I AM HOUSED IN THE SECURITY HOUSING UNIT (SHU) OF THE PRISON, AND I AM IN MY CELL 22½ HOURS A DAY, AND I AM

- 1 -

ONLY ALLOWED TO COME OUT MY CELL FOR 1½ HOURS A DAY FOR EXERCISES.

3. THE LEGAL AND MEDICAL ISSUES ARE HARD FOR ME TO UNDERSTAND, SO I WILL NEED A LAWYER TO REPRESENT ME IN MY CIVIL CASE TO EXPLAIN THESE THINGS TO ME AND TO DO THE RESEARCH AND TO INVESTIGATE THE MEDICAL ISSUES.

4. I HAVE NO KNOWLEDGE OR UNDERSTANDING OF THE LAW. I AM NOT WELL EDUCATED. AND I HAVE TROUBLE READING AND UNDERSTANDING THE LEGAL PAPERS THAT I RECEIVE FROM THE COURT OR FROM THE ATTORNEY GENERALS OFFICE. I ALWAYS HAVE TO KEEP ASKING PEOPLE TO READ THE LEGAL PAPERS TO ME AND TO EXPLAIN TO ME WHATS BEING SAID BECAUSE I DO NOT UNDERSTAND ALL THAT LEGAL STUFF. I HAVE A REAL LOW READING SCORE OF 4.0. ATTACHED HERETO IS A TRUE AND CORRECT COPY OF MY CDC TABE TEST READING SCORE OF 4.0, THAT I TOOK ON FEBRUARY 23rd, 2004 AT CSP-CORCORAN. (EXHIBIT-A)

5. I HAVE LIMITED USE OF THE LAW LIBRARY BECAUSE I AM HOUSED IN THE (S.H.U.) AND INMATES WHO ARE HOUSED IN THE (S.H.U.) CAN ONLY USE THE LAW LIBRARY ONCE A MONTH FOR AN HOUR OR MAY BE (2) HOURS. I MY-SELF HAVEN'T BEEN OR USED THE LAW LIBRARY SINCE I'VE BEEN HERE AT (PBSP) BECAUSE I CAN'T READ THAT

-2-

GOOD AND I WON'T BE ABLE TO UNDERSTAND ANY OF
THAT LEGAL STUFF. I CAN'T ASK ANYONE FOR HELP
BECAUSE YOU CAN'T TALK IN THE LAW LIBRARY. IF YOU
DO AND GET CAUGHT TALKING. YOU'LL LOSE YOUR LAW
LIBRARY PRIVILEGES FOR 90 DAYS.

6 . I TRIED TO OBTAINED COUNSEL TO REPRESENT ME
IN MY CIVIL CASE. I'VE WRITTEN TO (8) LAWYER'S ASK-
ING THEM IF THEY'LL REPRESENT ME IN MY PENDING
CIVIL CASE. ATTACHED HERETO ARE TRUE AND CORRECT
COPIES OF THOSE LETTERS (EXHIBIT - B)
(A) A LETTER TO MS. COMPBELL
(B) A LETTER TO MS. WOODRUFF
(C) A LETTER TO MR. RIEBLI
(D) A LETTER TO MR. FAMA
(E) A LETTER TO MR. CARRILLO

7 . I SENT OUT (4) LETTER'S, BUT I DO NOT HAVE
ANY COPIES OF THOSE LETTER'S

8 . I RECEIVED RESPONSE'S FROM (3) LAWYER'S WHO
DECLINED MY REQUEST FOR LEGAL REPRESENTATION.
ATTACHED HERETO ARE TRUE AND CORRECT COPIES OF
THE LAWYER'S LETTERS. (EXHIBIT - C)

9 . I FILED MY FIRST COMPLAINT ON SEPTEMBER
3RD 2007, BUT IT WAS DISMISSED WITH LEAVE TO
AMEND BECAUSE I DID NOT UNDERSTAND MY LEGAL

RIGHTS GUARANTEED TO ME BY THE CONSTITUTION OF THE
UNITED STATES AND BECAUSE I WASN'T ABLE TO EXPLAIN
MYSELF CORRECTLY OR THE FACTS OF MY CLAIMS AND I
WASN'T ABLE TO EXPLAIN THE VIOLATIONS TO MY 8TH
AMENDMENT RIGHTS IN A CLEAR MANNER TO THE COURT.
ONLY AFTER I HAD ASKED ANOTHER INMATE (PHILLIP
EVANS) TO HELP ME WRITE MY AMENDED COMPLAINT,
AND TO HELP ME EXPLAIN MY MEDICAL CLAIMS, SO THE
COURT COULD UNDERSTAND THE VIOLATIONS OF MY
CLAIMS. INMATE (EVANS) DRAFTED UP MY AMENDED
COMPLAINT FOR ME AND TOLD ME TO REWRITE IT IN
MY OWN HAND WRITING. HE ALSO TOLD ME THAT HE CAN'T
BE HELPING ME WITH MY LEGAL ISSUE'S ANY MORE BECAUSE
HE WAS TO BUSY WITH HIS OWN LEGAL ISSUE'S. I REWROTE
MY AMENDED COMPLAINT AND FILED IT TO THE COURT
ON DECEMBER 30TH, 2007. ONLY AFTER MY AMENDED
COMPLAINT WAS CORRECTED, THE COURT ORDERED THE
DEFENDANT'S TO RESPOND TO MY CLAIMS. (SEE COURT
RECORDS).


   10. I FILED A MOTION FOR APPOINTMENT OF COUNSEL
ON MY OWN ON APRIL 6TH, 2008, ASKING THE COURT TO
APPOINT ME A LAWYER TO REPRESENT ME IN MY CIVIL
CASE, BUT I NEVER RECEIVED A RESPONSE FROM THE
COURT. I THEN ASKED INMATE EVANS TO HELP ME
OUT BY GOING OVER MY MOTION, TO SEE IF I DID IT
RIGHT. INMATE EVANS TO ME THAT IT WAS DONE

-4-

ALL WRONG AND THATS WHY THE COURT NEVER DID ANSWER ME BACK. ATTACHED HERETO IS A TRUE AND CORRECT COPY OF MY FIRST MOTION FOR APPOINTMENT OF COUNSEL DATED APRIL 6TH, 2008. (EXHIBIT- D )

11. I ASKED INMATE EVANS, IF HE WOULD HELP ME WRITE A NEW MOTION FOR APPOINTMENT OF COUNSEL. HE TOLD ME THAT HE WAS TO BUSY WITH HIS OWN LEGAL ISSUE'S AND THAT HE HAD DEAD LINES TO MEET. AFTER A FEW HOURS, HE TOLD ME TO SEND HIM ALL MY LEGAL PAPERS, SO HE COULD GO OVER THEM AND WRITE UP A MOTION FOR COUNSEL WITH THE POINTS AND AUTHORITIES FOR ME, BUT THAT THIS WAS THE LAST TIME HE WAS GOING TO BE ABLE TO HELP ME OUT BECAUSE HE HAS HIS OWN LEGAL WORK TO DO. ATTACHED HERETO IS A TRUE AND CORRECT COPY OF PHILLIP EVANS DECLARATION. (EXHIBIT- E )

12. WHEN I WAS HOUSED IN UNIT D-1-104/A-POD FROM FEBRUARY 2006 TO FEBRUARY, I HAD ASKED INMATE ERIC SNEDEKER TO HELP ME FILE MY INMATE 602 APPEAL FORM AGAINST MEDICAL STAFF HERE AT PBSP BECAUSE I COULDN'T READ TO GOOD AND REALLY DIDN'T UNDER- STAND WHAT I WAS DOING, SO DURING THAT YEAR FROM FEBRUARY 2006 TO FEBRUARY 2007. MR. SNEDEKER HELPED ME OUT BY WRITING UP MY 602 INMATE APPEAL FORMS FOR ME. I THEN HAD TO REWRITE THEM IN MY OWN HAND WRITING. ATTACHED HERETO

IS A TRUE AND CORRECT COPY OF ERIC SNEDEKER'S
DECLARATION. (EXHIBIT-F)

13. I DECLARE UNDER THE PENALTY OF PERJURY
THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED ON THIS 10th DAY OF AUGUST 2008 AT
CRESCENT CITY CALIFORNIA.

Respectfully Summitted

*Thomas G. Grajeda*

THOMAS G. GRAJEDA

# EXHIBIT   A

EXHIBIT-A

**NAME AND NUMBER: GRAJEDA** V-77200 ~~C-90753~~    **CELL: 4B4R-49L**

Inmate GRAJEDA , CDC # V-77200 ~~C-90753~~ has a TABE Reading score of 4.0 as determined by CDC TESTING RECORDS.

Cc:  C-File R&R Ed File  Inmate CC-1

Education Rep. Signature

**DATE: February 23, 2004**          **CALIFORNIA STATE PRISON, CORCORAN**

# EXHIBIT  B

EXHIBIT (B)

JAN 21ST. 2008

MS. WOODRUFF,

MY NAME IS, THOMAS GRANDE GRAJEDA, CDC # V-22200, I AM A STATE PRISONER HERE AT (PBSP) PELICAN BAY STATE PRISON AT CRESCENT CITY, CALIFORNIA.

AT THE PRESENT MOMENT, I FIND MYSELF IN A VERY DIFFICULT SITUATION, AND I AM IN DESPARATE NEED OF LEGAL REPRESENTATION, SINCE I AM A LAYMEN AT LAW. I NEED LEGAL REPRESENTATION IN MY 42 U.S.C§1983 CIVIL SUIT COMPLAINT, THAT HAS BEEN FILED IN THE NORTHERN DISTRICT COURT OF CALIFORNIA AGAINST PELICAN BAY STATE PRISON MEDICAL STAFF FOR MEDICAL MALPRACTICE, NEGLIGENCE AND DELIBERATE INDIFFENCE IN VIOLATION OF MY EIGHTH AMENDMENT RIGHTS UNDER THE U.S. CONSTITUTION.

I AM ENCLOSING A COPY OF MY FIRST AMENDED COMPLAINT SO YOU CAN REVIEW AND SEE THAT I HAVE GOOD GROUNDS AND LEGAL ISSUES. I HAVE ALL MY MEDICAL REPORTS AND 602S INMATE COMPLAINT FORMS TO SUPPORT MY CLAIMS.

IF YOU WISH TO REPRESENT ME ON A CONTINGENCY FEE AGREEMENT. PLEASE CONTACT ME RIGHT AWAY. THANK YOU FOR YOU TIME. IF YOU DO NOT WISH TO REPRESENT ME. CAN YOU PLEASE RETURN MY LEGAL DOCUMENTS BACK TO ME. THANK YOU.

RESPECFULLY
Thomas G. Grajeda
THOMAS G. GRAJEDA

EXHIBIT-B (c)

MR. RIEBLI,                                    JAN 21ST 2008

MY NAME IS, THOMAS GRANDE GRAJEDA, CDC # V-22200,
I AM A STATE PRISONER HERE AT (PBSP) PELICAN BAY STATE
PRISON AT CRESCENT CITY, CALIFORNIA.

AT THE PRESENT MOMENT, I FIND MYSELF IN A VERY
DIFFICULT SITUATION, AND I AM IN DESPARATE NEED OF
LEGAL REPRESENTATION, SINCE I AM A LAYMEN AT LAW.
I NEED LEGAL REPRESENTATION IN MY 42 U.S.C§1983 CIVIL SUIT
COMPLAINT, THAT HAS BEEN FILED IN THE NORTHERN DISTRICT
COURT OF CALIFORNIA AGAINST PELICAN BAY STATE PRISON
MEDICAL STAFF FOR MEDICAL MALPRACTICE, NEGLIGENCE AND
DELIBERATE INDIFFENCE IN VIOLATION OF MY EIGHTH AMENDMENT
RIGHTS UNDER THE U.S. CONSTITUTION.

I AM ENCLOSING A COPY OF MY FIRST AMENDED COMPLAINT
SO YOU CAN REVIEW AND SEE THAT I HAVE GOOD GROUNDS
AND LEGAL ISSUES. I HAVE ALL MY MEDICAL REPORTS
AND 602s INMATE COMPLAINT FORMS TO SUPPORT MY
CLAIMS.

IF YOU WISH TO REPRESENT ME ON A CONTINGENCY FEE
AGREEMENT, PLEASE CONTACT ME RIGHT AWAY, THANK YOU
FOR YOUR TIME, IF YOU DO NOT WISH TO REPRESENT ME.
CAN YOU PLEASE RETURN MY LEGAL DOCUMENTS BACK TO
ME, THANK YOU.

                          RESPECFULLY
                          Thomas G. Grajeda
                          THOMAS G. GRAJEDA

EXHIBIT-B (D)

RECEIVED
MAR 0 7 2008
By_____

we return your original letter
and any docs we received.
*No copies kept.*

MARCH 5— · ·

MR. FAMA,

I've written you numerous times concern-ing my medical issues. So hopefully you'll be able to assist me with my legal issues.

At the present moment, I find myself in a very difficult situation, and I am in desparate need of legal representation in my 42 U.S. § 1983 civil suit complaint, that has been filed in the northern district court of California against Pelican Bay State Prison medical staff for medical malpractice, negligence, deliberate indifference and for violating my eighth amendment rights as well as my 14th amendment rights, under the U.S. Constitution.

MR. FAMA, I am enclosing a copy of my first amended complaint, so you can review my legal issues. The court has responded and has requested the U.S. Marshalls to serve all the defendants.

MR. FAMA, I hope that you and or your associates will be able to assist me in my legal matter. I look forward to hear from you soon.

                    Sincerel
                    Vonias Gizzieda

EXHIBIT-B (E)

1-15-08

MR. CARRILLO,

MY NAME IS, THOMAS GRANDE GRAJEDA, CDC # V-22200,
I AM A STATE PRISONER HERE AT (PBSP) PELICAN BAY STATE
PRISON AT CRESCENT CITY, CALIFORNIA.
   AT THE PRESENT MOMENT, I FIND MYSELF IN A VERY
DIFFICULT SITUATION, AND I AM IN DESPARATE NEED OF
LEGAL REPRESENTATION, SINCE I AM A LAYMEN AT LAW.
I NEED LEGAL REPRESENTATION IN MY 42 U.S.C§1983 CIVIL SUIT
COMPLAINT, THAT HAS BEEN FILED IN THE NORTHERN DISTRICT
COURT OF CALIFORNIA AGAINST PELICAN BAY STATE PRISON
MEDICAL STAFF FOR MEDICAL MALPRACTICE, NEGLIGENCE AND
DELIBERATE INDIFFENCE IN VIOLATION OF MY EIGHTH AMENDMENT
RIGHTS UNDER THE U.S. CONSTITUTION.
   I AM ENCLOSING A COPY OF MY FIRST AMENDED COMPLAINT
SO YOU CAN REVIEW AND SEE THAT I HAVE GOOD GROUNDS
AND LEGAL ISSUES. I HAVE ALL MY MEDICAL REPORTS
AND 602S INMATE COMPLAINT FORMS TO SUPPORT MY
CLAIMS.
   IF YOU WISH TO REPRESENT ME ON A CONTINGENCY FEE
AGREEMENT, PLEASE CONTACT ME RIGHT AWAY, THANK YOU
FOR YOU TIME. IF YOU DO NOT WISH TO REPRESENT ME,
CAN YOU PLEASE RETURN MY LEGAL DOCUMENTS BACK TO
ME, THANK YOU.

                         RESPECFULLY
                         Thomas G. Grajeda
                         THOMAS G. GRAJEDA

# EXHIBIT  C

EXHIBIT C

**CATHERINE CAMPBELL**
Attorney at Law
State Bar #65103
PO Box 4470 • Fresno, CA 93744
Tel: 559-498-8140 • Fax: 559-221-0268

January 22, 2008

Thomas G. Grajeda, V22200
PO Box 7500, D-1-123
Crescent City, CA 95532

Dear Mr. Grajeda,

I received your letter of January 15, 2008. For several reasons, I am unable to be of assistance to you. The passage of the Prison Litigation Reform Act (PLRA) in 1996, made it extremely difficult to represent prisoners.

In addition, I am scaling back my work load with the goal of retirement by May of 2009, so I am not accepting any new cases at this time. Please forgive these restrictions on my practice. I am sorry I am unable to assist you.

With my regards,

C. Campbell
Catherine Campbell

CC/vt

Enclosure(s):     1

# FARELLA BRAUN + MARTEL LLP

Attorneys At Law

EXHIBIT- C

Russ Building / 235 Montgomery Street
San Francisco / CA 94104

T 415.954.4400 / F 415.954.4480
www.fbm.com

KELLY A. WOODRUFF

February 4, 2008

## CONFIDENTIAL LEGAL MAIL

Thomas G. Grajeda
V-22200 (D-1-123)
P.O. Box 7500
Crescent City, CA  95532

Re:    Request for Pro Bono Representation

Dear Mr. Grajeda:

Receipt of your letter dated January 21, 2008, requesting representation is acknowledged as having been received by our office.  I regret that I must decline your request for legal assistance due to the commitments of this firm's law practice at the present time.  I am returning herewith your aforesaid letter.

Thank you for your inquiry.  I wish you well and trust you are successful in obtaining the legal representation you seek.

Sincerely,

Kelly A. Woodruff

Kelly A. Woodruff

KAW:sv

08034\1259160.2



PRISON LAW OFFICE

General Delivery, San Quentin, CA 94964-0001
Telephone (415) 457-9144 • Fax (415) 457-9151
www.prisonlaw.com

*Director:*
Donald Specter

*Staff Attorneys:*
Susan Christian
Steven Fama
Penny Godbold
Megan Hagler
Alison Hardy
Kelly Knapp
Millard Murphy
Sara Norman
Judith Rosenberg
Zoe Schonfeld
E. Ivan Trujillo

$EXHIBIT - C$

Re: Request for Legal Assistance

Dear Sir or Madam:

We received your letter asking for assistance, information, or legal advice. Unfortunately, we cannot provide you the help you are requesting.

We get many more requests than we can possibly handle. Therefore, we must choose our cases very carefully to ensure that we use our limited resources in the most efficient way. This means there are going to be many cases that have merit that we cannot pursue, and situations for which we cannot provide requested information or advice. This is unfortunate but necessary, given the large number of cases and requests we handle. Please understand that our decision not to help does not necessarily mean that you do not have a real problem or worthy case.

We have enclosed any self-help material we think might be helpful. If no material is enclosed, we do not have any information relevant to your problem. You may be able to find useful information in the California State Prisoners' Handbook (3rd Edition) published in 2001. Ask for the Handbook in the prison law library. A supplement to the Handbook was most recently published in 2006, and should also be available in the prison law library. If you want information on how to order a copy of the Handbook and the supplement, please write to us.

We sincerely regret that we cannot help with all matters. We hope that in the future we will be able to expand our services to help more prisoners throughout California.

Sincerely,

Prison Law Office

Board of Directors
Penelope Cooper, President • Michele WalkinHawk, Vice President • Marshall Krause, Treasurer
Honorable John Burton • Felecia Gaston • Christiane Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts

# EXHIBIT  D

EXHIBIT - D

THOMAS GRANDE GRAJEDA* V. 22200
P.O. BOX 75 (D-1-123)
PELICAN BAY STATE PRISON
CRESCENT CITY, CALIFORNIA. 95532


THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA


THOMAS G. GRAJEDA
        PLAINTIFF,

    VS.

ROBERT A. HOREL, et. al.
        DEFENDANTS.

CASE No. CV07-04752 (PJH)
MOTION FOR THE APPOINTMENT
OF COUNSEL    PURSUANT
TO 28 U.S.C. § 1915 (E)(1)


1. PLAINTIFF, THOMAS G. GRAJEDA, HEREBY RESPECTFULLY
REQUEST THIS COURT TO APPOINT COUNSEL, TO REPRESENT HIM
IN THIS CASE PURSUANT 28 U.S.C. § 1915 (E)(1), FOR THE
FOLLOWING REASONS IN SUPPORT OF THIS MOTION.

2. PLAINTIFF IS UNABLE TO AFFORD COUNSEL.

3. THE LEGAL ISSUES INVOLVED IN THIS CASE ARE COMPLEX.

4. PLAINTIFF'S IMPRISONMENT, AS A SEGREGATION INMATE.
PLAINTIFF HAS EXTREMELY LIMITED ACCESS TO THE LAW
LIBRARY. THE ISSUES INVOLVED IN THIS CASE ARE COMPLEX
AND WILL REQUIRE SIGNIFICANT RESEARCH AND INVESTIGATION.

5. A TRIAL IN THIS CASE WILL LIKELY INVOLVE CONFLICTING
TESTIMONY, AND COUNSEL WOULD BE BETTER ENABLE PLAINTIFF
TO PRESENT EVIDENCE AND CROSS EXAMINE WITNESSES.

6. PLAINTIFF HAS LIMITED KNOWLEDGE OF THE LAW.

EXHIBIT - D

7. PLAINTIFF HAS A (GPA) GRADE POINT ADVERAGE READING SCORE OF 4.0, AND NEEDS ASSISTANCE WHENEVER PLAINTIFF APPEARS IN FRONT OF STATE OFFICIALS (SEE ATTACHED SHEET)

8. PLAINTIFF, FIRST COMPLAINT WAS DISMISSED WITH LEAVE TO AMEND DUE TO HIS INABILITY TO UNDERSTAND THE LAW OR THE RIGHTS GUARANTEED TO HIM BY THE CONSTITUTION OF THE UNITED STATES, AND HIS INABILITY TO EXPLAIN THE FACTS OF THE VIOLATION IN A CLEAR MANNER. ONLY AFTER ANOTHER PRISONER ASSISTED HIM IN FILING HIS FIRST AMENDED COMPLAINT DID THE COURT HOLD THE DEFENDANTS TO ANSWER TO THE ALLEGATIONS.

9. PLAINTIFF, HAS MADE REPEATED EFFORTS TO OBTAIN A LAWYER, SOME STILL HAVENT RESPONDED TO MY REQUEST FOR ASSISTANCE IN REPRESENTING ME, AND THOSE WHO DID DENIED MY REQUEST (SEE ATTACHED RESPONSES)

10. WHEREFORE, PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL SHOULD BE GRANTED.

11. I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

RESPECTFULLY SUBMITTED
Thomas G. Grajeda
THOMAS G. GRAJEDA

EXECUTED ON
APRIL 6TH, 2008

## PROOF OF SERVICE BY MAIL

(C.C.P. Section 101a #2105.5, 20 U.S.C. 1746)

I, _THOMAS G. GRATECLA_, am a resident of Pelican Bay State Prison, in the County of Del Norte, State of California. I am over eighteen (18) years of age and am a party to the below named action.

My Address is: P.O. Box 7500, Crescent City, CA 95531.

On the _6TH_ day of _APRIL_, in the year of 20_0 S_, I served the following documents: (set forth the exact title of documents served)

_28 U.S.C & 1915 (E) (1)  MOTION FOR THE_

_APPOINTMEN OF COUNSEL_

on the party(s) listed below by placing a true copy(s) of said document, enclosed in a sealed envelope(s) with postage thereon fully paid, in the United States mail, in a deposit box so provided at Pelican Bay State Prison, Crescent City, CA 95531 and addressed as follows:

_THE UNITED STATES_

_DISTRICT COURT_

I declare under penalty of perjury that the foregoing is true and correct.

Dated this _6TH_ day of _APRIL_, 20_0 S_.

Signed: _Thomas G. Grajeda_
(Declarant Signature)

Rev. 12/06

# EXHIBIT  E

Thomas Grajeda #M23300

P.O. Box 7500 / D1-123

Crescent City, CA 95532

Plaintiff, In pro se

The United States District Court

For The Northern District Of California

San Francisco Division

| | |
|---|---|
| Thomas Grajeda,<br><br>Plaintiff<br><br>v.<br><br>Robert A. Horel, et al.,<br><br>Defendants | C 07-4752 PJH<br><br>Declaration of Phillip Evans In Support Of Plaintiff's Motion for Appointment Of counsel |

I, Phillip Evans, declare as Follows:

1. I am a prisoner serving time at Pelican Bay State Prison In the Security Housing Unit, hereafter (PBSP-SHU). I am not a party to the above numbered action, but I am submitting this declaration based upon my personal Knowledge, experience and information as to the matters set forth herein.

2. I am making this declaration of my own Free will and if called upon to do so I am competent, able and willing to testify to such matters.

3. I have been housed in the cell next to the plaintiff's since February of 2007 at (PBSP-SHU) and during all of this time it was obvious to me that he was suffering From serious pain due

to his knee and hip injuries. I observed him everyday as he walked from his cell to the yard and then back to his cell upon the conclusion of his yard time, in order to get to the yard he had to walk directly in front of my cell, and it was clear to me that he was in serious pain and was having serious difficulty walking.

4. From February 2007 until November or December of 2007 plaintiff did not have a cane to assist him in walking, although it was obvious that a cane would have helped his mobility. He limped and grimaced with each step he took so it was clear that the weight he was putting on his injured right hip and knee was causing him great pain, and that a cane would have helped take the weight off of those injuries, alleviating the pain.

5. Plaintiff informed me that he had filed a civil suit pursuant to 42 U.S.C. 1983 due to the medical treatment, or lack thereof, that he was receiving for his injuries, and that the court had issued an order but he did not understand what the order stated. I told him to let me look at the order so I could explain it to him, and once I went over it I informed him that the court had dismissed his lawsuit with leave to amend and explained to him what that meant.

6. Plaintiff explained to me what the lawsuit was in regards to, how when he was housed in another prison he had been in a serious vehicle accident while being transported by (CDCR) officials to or from a court hearing, and how after the accident he was transferred to (PBSP-SHU) before all of his surgeries were completed, but that medical staff at (PBSP-SHU) refused to complete the remaining surgery(s) that doctors at UMC Fresno and Corcoran State Prison (the prison he was housed at when

2.

the accident occurred) had said were needed and which were scheduled before his transfer to (PBSP-SHU). Once I was fully apprised of the situation and went over all of the paperwork I explained to the plaintiff exactly what he had to do to amend his complaint and how he needed to articulate his claims on his complaint.

7. The plaintiff literally worked on his amended complaint for close to a month, writing and rewriting it over and over again, because he was unable to express himself or articulate his claims in a manner that would survive the initial screening process again. I worked with the plaintiff every day but it got to the point where I realized he was incapable of even writing a simple complaint, so I finally told him to just send me everything and I would just draft it myself, which I then did.

8. It is my contention, based on information and belief, that the plaintiff will be completely incapable of performing the tasks necessary to prosecute his lawsuit. I have tried to explain to him what steps he needs to take to perform discovery and file motions, but he is unable to comprehend the complex discovery rules, case law, statutes, etc, that he will need to know in order to litigate this case. Even when it is explained to him exactly what he needs to do, he is not able to follow the instructions given to him.

9. The plaintiff is also unable to comprehend documents filed by the opposing counsel, when he received the defendant's notice of motion and motion to Dismiss, executed July 24th 2008, he told me the court dismissed his case and that he had lost. Knowing that the opposing counsel still had to file a dispositive motion, I knew the

3.

Plaintiff did not understand the documents he received, and once I
went over them I told him what the documents actually were and
what was required of him within the next 30 days.

10. It is my contention, based on information and belief, that
without representation, plaintiff lacks the intellectual capability
to survive the defendants Motion to dismiss, even though the
issues are fairly straight forward. He will need to take
depositions, get answers to interrogatories and obtain other
documents by way of Requests for Production of Documents
to contradict the contentions made by the defendants that he
did not exhaust his claims pursuant to Rule 26(b) of the
Federal Rules of Civil Procedure, and this is completely beyond
the plaintiffs ability. Even if he was to rely completely on
declarations to contradict the assertions made in the defendants
Motion to Dismiss, he is not articulate enough to formulate a
declaration on his own in a clear manner that the court would
be able to understand (based on information and belief).

11. Plaintiff was even unable to construct and articulate the
present Motion for Appointment of counsel and his own
declaration attached thereto, which I had to help him with;
after a week and a half of trying to explain to him how to
do it I finally decided to just do it myself as I did with the
first amended complaint.

12. I have my own legal issues and will not be able to
help the plaintiff beyond this motion. Even if I were, I am
not trained in the law, and the last grade I completed was
the seventh grade, I am no jail house lawyer and am in

4.

no position to help him litigate his case other than to tell him how to explain himself and articulate the facts of his case. But as I said, I have my own legal concerns and as I told the plaintiff, I will not be able to help him after this.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information and belief. Executed August 6th, 2008 at Crescent City, California.

Philip Evans

Philip Evans,
Declarante #

# EXHIBIT  F

EXHIBIT - F

Eric Snedeker J-21559/D-1-203
Pelican Bay State Prison (SHU)
Po Box 7500
Crescent City CA 95532-7000


### Federal Court of The State of California


Thomas Grajeda

    Plaintiff

    VS.

Robert A. Horel, et al,

    Defendants

Case No: C07-4752 PJH

Declaration of Eric Snedeker

In support of Plaintiff


I Eric Snedeker J-21559 declare as follows:


1, I am a state prisoner serving an 18 year sentence subsequent to my 1994 conviction for felonies. I have been confined in Pelican Bay State Prison (PBSP-SHU) since 1996 and for the last six years said confinement has been administrative (Indeterminate S.HU status based on correctional staff labelling me an associate of the Aryan Brotherhood prison gang).


2, I am not a party to the above numbered action, but I am submitting this declaration in support of Thomas Grajeda based upon my personal knowledge as to the matter set forth herein and if necessary or —

(1)

EXHIBIT-F

called upon to testify I can and will do so competently to such matters if necessary

3. I began to suffer from an ear infection on 3-23-05 and notified medical staff via Health Care Service request form (7362) on 3-27-05 because of the sensitivity of the ears and possible long term damage to them, and despite my request for urgent medical care, medical staff delayed seeing me for three additional days. see EX A

4. The subsequent Doctor visit and treatment of antibiotics was not effective and this resulted in a continuum of ear infection that was not properly treated for sum four months. It further resulted and caused damage to my inner ear whereby I now suffer from tinnitus (ringing in ear) During the four months I request health care no less then "16" times. see EX A . The ear infection was finally healed.

5. I submitted several Inmate Appeals (602) that were all denied and the responses given by medical staff were ment to cover-up the failed management and poor treatment provided. see EX B The CMO Dr. Sayer responded to an Inmate Request for Interview on 9-13-05 telling me to submit a 7362 form in-order to have my medical needs addressed when I was clear medical staff are not providing meaningful treatment. see EX C

(2)

EXHIBIT-F

Mark snedeker. The response I received authored by low level
medical staff claimed the complaint was resolved by Mr. sayer who
is not authorized to address formal complaints filed against him.
see EX F letter by Health care manager M. Mclean dated 11-1-06

10. Due to the fact the formal complaint was being covered-up by
prison officials Mark snedeker resubmitted the complaint on
11-6-07 with a new cover letter requesting that the complaint
be addressed. The warden has ignored this letter and to this
date in violation of CDCR rules and regulations and state law have
NOT processed Mark snedekers formal complaint. see EX G

11. The treatment was finally ordered and originally authorized by
Dr. windslow assigned to medical complaints in sacrament see EX H
(and Dr. sayers letter to Mark snedeker (statement) saying the B-
complex vitamin treatment is ordered)

12. since Treatment of B-complex has been effective there was
no cause for PCP Ms. Risenhoover to change dose but on
July 17, 2006 she ordered the change for NO purpose other
then harassment and an attempt to deny me effective
treatment.

I wrote Dr. sayer on July 18, 2006 and again on July 23, 2006
to report Ms. Risenhoover is a liar and the fact is there was
no good cause to manipulate or change treatment. And Dr sayers
Letter dated July 20 2006 included false claims see EX I

(3)
3

EXHIBIT-F

6. The Condition of tinnitus caused by delayed treatment for ear infection(s) was left untreated for 14 months and Dr. sayer denied the only effective know treatment during this time period several times. Due to the extreme stress the tinnitus caused me my father Mark Snedeker placed several phone calls to Dr. sayer one of which resulted in his letter to Mark snedeker dated May 12, 2006 denying me all forms of tinnitus treatments. see EX D

7. Mark snedeker sent Mr. sayer a letter dated march 10, 2006 requesting I be treated for tinnitus and the CMO Dr. sayer responded with a letter that is extremely inappropriate and he admittedly stated in the correspondence authored by Dr. sayer on March 22, 2006 his intentions were NOT to address my medical condition But rather make an attempt to convence my father and family to stop being a passitive support system for me by making baseless claims about me and family (Mark snedeker) see EX E

8. Mr. snedeker (Mark) filed a formal Complaint against CMO Mr. sayer for his inappropriate letter and wrongful delay in providing me effective treatment. The above mentioned letter was submitted to warden Mr. Hackel on may 16, 2006 with all prior correspondence between Mark snedeker and Mr. sayer attached. This formal Complaint was ignored by the warden and prison officials. see EX E

(4)

9. I wrote the warden Mr Horei a letter of demand requesting he address the formal complaint filed against CMO Mr. sayer by

EXHIBIT-F

Mr. Sayer wrote medical staff again in response to my claims that proved to be true on July 24, 2006 and he demanded my treatment be re-ordered due to Mark Snedeker calling the medical complaints dept in Sacrament and my letter of July 23 see Ex J (note: current treatment is effective)

13. Mr. Grajeda and I were housed in PBSP-SHU unit D-1-A section from February 2006 to February/March 2007 during this time it was apparent he did not have the education to file formal request for treatment or properly use the inmate appeal process. I personally authored the original drafts of the inmate appeals and request for interviews addressed to the medical department at PBSP.

14. Mr Grajeda was clearly suffering from serious pain and medical conditions that were not being treated. The lack of treatment and my concern caused me to help the best I could however PBSP staff and sue Risonhoover retaliated against Mr. Grajeda by taking his cane, knee brace and falsely claiming he refused treatment because the various medications prescribed caused adverse affects and he reported it. Mr Grajeda can barely walk without a cane.

I hereby swear the above is true and correct under penalty of perjury, executed on this 31st day of July 2008 at Crescent city california

                    Eric Snedeker   J-21559

                    Eric Snedeker
                         3

## PROOF OF SERVICE BY MAIL

(C.C.P. Section 101(a) # 2015.5, 28 U.S.C. 1746)

I, _THOMAS G. GRAJEDA_ , am a resident of Pelican Bay State Prison, in the County of Del Norte, State of California. I am over eighteen (18) years of age and am a party to the below named action.

My Address is: P.O. Box 7500, Crescent City, CA 95531.

On the _10TH_ day of _AUGUST_ , in the year of 20_08_, I served the following documents: (set forth the exact title of documents served)

_MOTION FOR APPOINTMENT OF COUNSEL_

_PURSUANT 28 U.S.C. §1915 (E) (1)_

on the party(s) listed below by placing a true copy(s) of said document, enclosed in a sealed envelope(s) with postage thereon fully paid, in the United States mail, in a deposit box so provided at Pelican Bay State Prison, Crescent City, CA 95531 and addressed as follows:

_THE NORTHERN DISTRICT_

_COURT OF CALIFORNIA_

I declare under penalty of perjury that the foregoing is true and correct.

Dated this _10TH_ day of _AUGUST_ , 20_08_ .

Signed: _Thomas G. Grajeda_
(Declarant Signature)

Rev. 12/06

NAME _Thomas G Gonzalez_

CDC NO. _V-22200_ HOUSING _D-1-123_

PELICAN BAY STATE PRISON

PO BOX 7500

CRESCENT CITY, CA. 95532



U.S. Northern Dist. of Ca.
U.S. Courthouse
450 Golden Gate Ave.
San Francisco, Ca. 94102-3483

RECEIVED

AUG 1 8 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CONFIDENTIAL LEGAL MAIL

DDePew CTA

8-14-08