United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GRANDE GRAJEDA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT A. HOREL, Warden; MICHAEL SAYRE, M.D.; SUE RISENHOOVER, F.N.P.; JOHN KRAVITZ, CCII (A); MAUREEN McLEAN, F.N.P.; J. FLOWERS, R.N.; and LINDA ROWE, M.D.,<br><br>　　　　Defendants.　　　　　　　　／ | No. C 07-4752 PJH (PR)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS; DENIAL OF PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL** |

This is a civil rights case filed pro se by a state prisoner. Plaintiff contends that he received inadequate medical care from defendants. Defendants McLean, Sayre, Horel, Rowe and Risenhoover have now filed an unenumerated motion to dismiss in which they contend that plaintiff failed to exhaust administrative remedies; combined with the unenumerated motion is a motion to dismiss for failure to state a claim.[1] Defendants also contend that they are entitled to qualified immunity, that plaintiff cannot have equitable relief while a related class action is pending, and that punitive damages are not available. Plaintiff has opposed the motion and defendants have replied. Plaintiff also has filed a motion for appointment of counsel. The motion to dismiss will be denied in part and granted in part; the motion for counsel will be denied.

///

---

[1] Plaintiff's claims against defendants Kravitz and Flowers were dismissed in the initial review order, leaving only the moving defendants in the case. References to "defendants" hereafter are to the movants.

**DISCUSSION**

**A.   Exhaustion**

    **1.   Standard**

The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory.  *Porter v Nussle*, 122 S. Ct. 983, 988 (2002).  All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'"  *Id.* (citation omitted).  Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit.  *Id.*; *Booth v Churner*, 532 U.S. 731, 741 (2001).  Similarly, exhaustion is a prerequisite to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.  *Porter*, 122 S. Ct. at 992.

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare."  Cal. Code Regs. tit. 15, § 3084.1(a).  It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers.  *See id.* § 3084.1(e).  In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections.  *See id.* § 3084.5; *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997).  A final decision at the director's level satisfies the exhaustion requirement under § 1997e(a).  *Id.* at 1237-38.

///

Nonexhaustion under § 1997e(a) is an affirmative defense. *Wyatt v Terhune*, 315 F.3d 1108, 1119 (9th Cir 2003). It should be treated as a matter of abatement and brought in an "unenumerated Rule 12(b) motion rather than [in] a motion for summary judgment." *Id.* (citations omitted). In deciding a motion to dismiss for failure to exhaust administrative remedies under § 1997e(a), the court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. If the court concludes that the prisoner has not exhausted California's prison administrative process, the proper remedy is dismissal without prejudice. *Id.* at 1120.

### 2. Plaintiff's Claims

Plaintiff alleged in his amended complaint that he has suffered from severe and continuing pain in his hips and back for the last five years. Although in the amended complaint plaintiff presented only two claims for relief, in the order of service the court divided them into five claims for clarity. The first of the claims the court listed was plaintiff's contention that defendants Sayre and Risenhoover willfully and maliciously deprived him of his cane and leg brace, despite knowing of his injuries. Claim two was that Sayre refused to examine him, retaliated against him for filing grievances, and failed to obtain his medical records. Claim three was that defendant McLean, although informed of his ongoing medical needs by way of his grievances, failed to provide medical care. Claim four was that defendant Rowe was deliberately indifferent to a serious medical need by not treating his acknowledged anemia for fourteen months.

Claim five in the court's list was based on part of plaintiff's second claim, which was headed "Violation of 8th and 14th Amendment[;] Negligence, Medical Malpractice and Violation of California Penal Code 2656 and Section 2656(d)." In the order of service the court described the claim as being "a state law medical malpractice claim, to some extent echoing [claims one through four], but also including respondeat superior and failure to supervise claims against defendant Horel." Upon further consideration, the court concludes that plaintiff intended to assert only federal claims against Horel; they are contained in paragraph sixty-two of the complaint. The state law malpractice and California Penal Code

§ 2656 claims are asserted only against Sayre and Risenhoover; they appear in paragraph sixty-four.

### a.  Claim One

Plaintiff contends that Sayre and Risenhoover deprived him of his cane and leg brace. In the motion to dismiss Sayre and Risenhoover concede that this claim is exhausted.

### b.  Claim Two

Plaintiff claims that Sayre refused to examine him on August 30, 2006, retaliated against him for filing grievances, and failed to obtain his medical records. Sayre has supplied evidence that this claim was not exhausted, decl. Wilber, ex. A-F (providing copies of plaintiff's administrative appeals), and plaintiff does not mention it in his opposition. The motion will be granted as to this claim.

### c.  Claim Three

Plaintiff claims that defendant McLean was informed of plaintiff's need for medical care by way of his grievances, but failed to see that he received it. McLean has supplied evidence that this claim was not exhausted, decl. Wilber, ex. A-F, and plaintiff does not contend in his opposition that it was; his only reference to McLean is a contention that she wrote telling him to use the administrative appeal system for his grievances rather than writing to the warden. The motion will be granted as to this claim.

### d.  Claim Four

Plaintiff claims that defendant Rowe failed to treat his anemia for fourteen months. Contrary to defendant's contention, plaintiff's administrative appeal log number PBSP 06-02546 did present this claim and was sufficient to exhaust it. *See* Decl. Wilber, ex. F. Rowe's motion will be denied as to this claim.

### e.  Claim Five

In claim five plaintiff presents state-law medical malpractice claims against Sayre and Risenhoover and federal claims against Warden Horel. Because the malpractice claims are not federal, exhaustion is not required as to them. *See* 42 U.S.C. § 1997e(a)

4

(exhaustion requirement applies to federal law claims).

The federal claims against Horel are contained in paragraph sixty-two of the amended complaint. Plaintiff contends that Horel allowed staff to confiscate plaintiff's cane and leg brace and did not require staff under his supervision to provide plaintiff with (unspecified) proper medical care. As noted in the discussion of claim one, above, defendants concede exhaustion of plaintiff's contention that staff confiscated his leg brace and cane, and because it is unnecessary for prisoners to name specific defendants when exhausting, *see Jones v. Bock*, 127 S. Ct. 910, 922-23 (2007), this part of plaintiff's claim against Horel is exhausted. As to the generalized "proper medical care" claim, plaintiff contended that he was not receiving proper medical care for his injuries in appeal log number PBSP 06-00709, which was exhausted through the third formal level. That was sufficient to exhaust.[2]

### e. Summary as to Exhaustion

The motion to dismiss for failure to exhaust will be granted as to claims two and three and denied as to the other claims. This eliminates all claims against McLean and one of the claims against Sayre.

## B. Failure to State a Claim

### 1. Standard

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations

---

[2] Although plaintiff has exhausted these claims against Horel, the court below concludes that the allegations in the complaint are insufficient to state a claim against him.

5

omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87.

In ruling on a motion to dismiss, review is limited to the contents of the complaint, *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested.  *Lee v. County of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  In addition, the court may take judicial notice of facts that are not subject to reasonable dispute.  *Id.* at 688 (discussing Fed. R. Evid. 201(b)).  Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party.  *Spreewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  The court need not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Id.*  Pro se pleadings must be construed liberally on a defendant's motion to dismiss for failure to state a claim.  *Ortez v. Washington County Oregon*, 88 F.3d 804, 807 (9th Cir. 1996).

**2.      Analysis**

     **a.      Defendants Horel and McLean**

Defendant Horel contends that plaintiff has failed to state a claim against him.  As discussed above, plaintiff claims that Horel violated his federal rights by allowing staff to confiscate his cane and leg brace and not requiring staff under his supervision to provide plaintiff with (unspecified) proper medical care.  Also, in paragraph forty-three of the complaint he alleges that he wrote to Horel complaining about the lack of care, but the letter was routed to defendant McLean.  There is no allegation that Horel actually learned of plaintiff's problems.

6

A supervisor generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Plaintiff has provided no factual allegations that would link Horel to the alleged constitutional violations, and there is there is no respondeat superior liability under section 1983 – in layman's terms, under no circumstances is there liability under section 1983 solely because a defendant is the superior of a person who violated the plaintiff's rights. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The motion to dismiss for failure to state a claim will be granted as to Horel.

Plaintiff's claim against McLean is similar – he contends that she failed to require staff to provide sufficient medical care "for severe chronic pain." Her involvement, however, is greater than that of Horel, as she was involved in processing all of plaintiff's grievances, which served to put her on notice of his medical problems, for instance the refusal to allow him to have his cane and leg brace. This is sufficient to state a claim against her. *See Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 2006) (holding that allegations that prisoner-plaintiff wrote to prison administrators asking for help with a medical problem and prison administrators failed or refused to address the problem was sufficient to state claim against them for deliberate indifference). The motion to dismiss for failure to state a claim by McLean will be denied. As noted above, however, the claims against her have not been exhausted, so they will be dismissed without prejudice on that ground.

**b.     Defendants Sayre, Risenhoover, and Rowe: Difference of Opinion**

Sayre, Risenhoover, and Rowe contend that plaintiff has not stated a claim against them for deliberate indifference because the facts alleged amount to no more than a "difference of medical opinion." As defendants concede, however, the "difference of medical opinion" analysis depends upon a showing that both the treatment given by the doctor and the treatment desired by the prisoner were "medically acceptable." *See*

7

*Jackson v. McIntosh*, 90 F.3d 330, 332 9th Cir. 2004). This fact does not appear from the allegations of the complaint here and this argument is better suited to a motion for summary judgment. The motion to dismiss for failure to state a claim by Sayre, Risenhoover, and Rowe will be denied.

### c. Defendants Sayre and Risenhoover: Medical Malpractice

Defendants Sayre and Risenhoover ignore that plaintiff's amended complaint presents a supplemental state law claim, rather than just federal claims. Plaintiff captions his amended complaint thus: "First Amended Complaint[;] 42 U.S.C. Section 1983[;] (with supplemental state law)." His specific allegations regarding Sayre and Risenhoover, in paragraph sixty-four of the complaint, are that the facts recited "constitute a breach of their duties of negligence, medical malpractice, deliberate indifference and violation of California Penal Code 2656 and Section 2656(D) . . . ."

Sayre and Risenhoover contend that negligence cannot be the basis for an Eighth Amendment deliberate indifference claim, which is correct but irrelevant, given that plaintiff has adequately presented a state-law malpractice claim. Their motion will be denied as to this claim.

## C.  Qualified Immunity

Defendants contend that they are entitled to qualified immunity because, assuming the truth of the allegations of the petition, no reasonable officer would have known that his or her conduct violated plaintiff's rights. Given that prisoners' right not to be subjected to deliberate indifference to a serious medical need has been established since 1976, *see Estelle v. Gamble*, 429 U.S. 97, 104 (1976), and that the facts alleged, if true, are such that a reasonable person in the place of a defendant here should have known that he or she was violating plaintiff's rights, the contention is without merit. The motion will be denied as to this ground with leave to raise the point again on summary judgment, when the factual position may be different.

*//*

## D.  Equitable Relief

Defendants contend that plaintiff's claims for equitable relief must be dismissed because of the pendency of a class action involving the adequacy of medical care in California prisons, *Plata v. Schwarzenegger*, No. C 01-1351 TEH.  They are correct. Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is a pending class action suit involving the same subject matter.  *McNeil v. Guthrie*, 945 F.2d 1163, 1165 (10th Cir. 1991); *Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir. 1988) (en banc).  "Individual members of the class and other prisoners may assert any equitable or declaratory claims they have, but they must do so by urging further actions through the class representative and attorney, including contempt proceedings, or by intervention in the class action."  *Id.*  The equitable relief claims will be dismissed.[3]

Because the Eleventh Amendment immunizes state officials sued in their official capacity from damages claims, *see Kentucky v. Graham*, 473 U.S. 159, 169-70 (1985), the dismissal of the equitable claims eliminates all the official-capacity claims against defendants.

**E.   Punitive Damages**

Defendants contend that punitive damages are not available against governmental officials sued in their official capacities.  Because no official-capacity claims remain in the case, this contention is moot.

**F.   Plaintiff's Motion for Appointment of Counsel**

There is no constitutional right to counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981), and although district courts may "request" that counsel represent a litigant who is proceeding in forma pauperis, as plaintiff is here, *see* 28 U.S.C. § 1915(e)(1), that does not give the courts the power to make "coercive appointments of counsel."  *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The Ninth Circuit has held that a district court may ask counsel to represent an

---

[3] Class counsel in *Plata* is: Donald H. Specter, Prison Law Office, General Delivery, San Quentin, CA 94964.

1 indigent litigant only in "exceptional circumstances," the determination of which requires an
2 evaluation of both (1) the likelihood of success on the merits and (2) the ability of the
3 plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.
4 *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

5 The likelihood of success is difficult to judge at this stage of the case, but plaintiff
6 has done a fine job presenting his claims and arguing against the motion to dismiss, and
7 the issues are not complex.  The motion for appointment of counsel will be denied

## CONCLUSION

9 1.  The motion to dismiss (document number 14) is **GRANTED** in part and **DENIED**
10 in part.  It is granted as to the contention that plaintiff failed to exhaust claims two and
11 three, and those claims are dismissed without prejudice to reasserting them if exhaustion is
12 achieved.  This eliminates defendant McLean from the case.  The motion to dismiss is
13 denied as to all other exhaustion claims.

14 Horel's motion to dismiss for failure to state a claim is granted.  The claims against
15 Horel are dismissed with leave to amend.  McLean's motion to dismiss for failure to state a
16 claim is denied as moot.  The motion is denied as to the failure to state a claim contention
17 by Sayre, Risenhoover, and Rowe.  It is denied as to the qualified immunity ground, without
18 prejudice to renewing the argument in a motion for summary judgment.  It is granted as to
19 the contention that plaintiff's equitable claims cannot be maintained in a separate action.
20 The equitable claims are dismissed.  This eliminates all official-capacity claims.  The
21 contention that punitive damages are not available as to the official-capacity claims is
22 denied as moot.

23 The consequence of these rulings is that (1) McLean is no longer in the case; (2)
24 claims two and three are no longer in the case; (3) the claims against Horel have been
25 dismissed with leave to amend; and (4) the official-capacity claims are no longer in the
26 case.

27 2.  Plaintiff's motion for appointment of counsel (document number 7) is **DENIED**.
28 3.  The claims against Horel are **DISMISSED** with leave to amend, as indicated

above, within thirty days from the date of this order.  The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present, including those listed above as still being in the case after this ruling.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.  Failure to amend within the designated time will result in the dismissal of the claims against Horel.  If plaintiff does not wish to pursue his claims against Horel, he need not amend, or he may file a statement within thirty days saying that he is abandoning those claims.  When plaintiff amends, or if the time to amend expires without amendment, the court will enter a further scheduling order.

    4.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:  February 6, 2009.

PHYLLIS J. HAMILTON  
United States District Judge

G:\PRO-SE\PJH\CR.07\GRAJEDA4752.MDSMS.wpd